# Hemingway v. Garth.

*Action for Damages for Wrongful and Malicious Attachment.*

1. *Secondary evidence of judicial proceedings before justice of the peace.* —When the original papers, in judicial proceedings before a justice of the peace, are lost, they not being matters of record, secondary evidence of their contents is admissible.

2. *Examination of witness.* — A party may ask his own witness, whether he has not, on a former occasion, made statements inconsistent with his testimony on the trial.

3. *Error without injury in ruling on evidence.* — If the court erroneously rules, that a party cannot ask his own witness whether he has not made former statements inconsistent with his testimony on the trial; and the record shows that, notwithstanding the ruling of the court, the witness answered the question in the negative, and his answer went to the jury without objection, — this is error without injury.

4. *Giving charge as asked, but in connection with general charge.* — When the court, after having given a general charge to the jury, gives a special charge at the request of one of the parties, the special must necessarily be considered by them in connection with the general charge ; and the court may so instruct them.

APPEAL from the Law and Equity Court of Lawrence.
Tried before the Hon. JAMES S. CLARK.

This was an *action on the case* to recover damages for the wrongful and malicious suing out of an attachment, and was instituted by Edward Garth against G. G. Hemingway. The defendant pleaded, that the attachment was not sued out wrongfully, maliciously, nor without probable cause ; and the cause was tried on issue joined on that plea. The attachment

was sued out before one W. J. Gibson, a justice of the peace, and was returnable before him; and the court allowed the plaintiff, after proving by said Gibson the loss of the original papers in the attachment suit, to prove by him the contents of the attachment, affidavit, and bond; and to the admission of this evidence the defendant reserved an exception.

"After the plaintiff had closed his testimony, the defendant introduced Wesley Garth as a witness, who had been summoned both by the plaintiff and the defendant, and, during his examination, asked him this question: 'Did you not swear, on the trial of the case between G. G. Hemingway and Edward Garth, before the justice of the peace, that neither you nor said Hemingway had given consent for Edward Garth to remove his cotton from Hemingway's place?' The plaintiff, by his counsel, objected to the defendant asking his witness this question, with the remark, 'You are not going to discredit your own witness, are you?' The court sustained the objection, and *plaintiff's* (?) counsel duly excepted to the action of the court; but, before the court could prevent, the witness answered in the negative, and the answer went to the jury."

"After the testimony was closed, the court charged the jury orally; and after the general charge, the defendant's counsel, among other written charges, requested the court to instruct the jury, that if said Hemingway had probable cause for believing that Garth was fraudulently removing his property, they must find for the defendant. The court gave this charge, and wrote across it the word '*Given*,' with his signature; but went on to make some qualifying remarks about the written charge; and to this action of the court the defendant duly excepted. The only qualification of the charge referred to was, that it was given in connection with the general charge."

The rulings of the court to which, as above stated, exceptions were reserved by the defendant, are now assigned as error.

JOHN PHELAN, and J. C. BAKER, for appellant.

R. O. PICKETT, *contra*.

BRICKELL, J. — To support the plaintiff's action, it was necessary to give evidence of an attachment, affidavit, and bond, corresponding substantially with the averments of the complaint. The affidavit was made before a justice of the peace, and the attachment was returnable before him. The loss of the original having been proved, the plaintiff was entitled to give secondary evidence of them. *Ware* v. *Robertson*, 18 Ala. 105; *Bullock* v. *Ogburn*, 13 Ala. 346.

2, 3. In the case of *Campbell* v. *State* (23 Ala. 76), this

[Lomax *v.* Spear.]

court, after a careful examination of the authorities, arrived at the conclusion, that it is competent for a party to inquire of his own witness whether he had not made statements contradictory of, or inconsistent with, the evidence he has given on the trial. It is not an objection to such evidence, that it has a tendency to impeach the witness. Such is the tendency of other evidence establishing the facts which the testimony of the witness may have tended to disprove, yet it is the clear legal right of the party to introduce such evidence. The question propounded to the witness by the defendant was not subject to the objection interposed, and the court erred in sustaining it. It was, however, error without injury, as the bill of exceptions discloses that the witness answered the question negatively, and his answer went to the jury. No evidence contradictory of the witness' answer was offered.

4. The court gave the written charge requested by the appellant, not qualifying it otherwise than by the remark to the jury, that it was to be taken in connection with the general charge. When the court gives the jury a general charge, and additional charges are given at the request of either party, it is certainly true that the general and special charges are to be considered in connection; and it is proper for the court so to state, lest the jury should be misled. No injury can result to either party by the instruction. *Scott* v. *State*, 37 Ala. 117.

The judgment is affirmed.