# Kansas City, Memphis & Birmingham Railroad Co. v. Robertson.

*Action by Assignee of Part of Entire Claim.*

1. *Splitting entire cause of action; assignment of part of claim.*—One

[Kansas City, Memphis & Birmingham Railroad Co. v. Robertson.]

who has a single claim for wages due him, the entire amount being due and payable at one time, can not, without the acceptance or consent of the debtor, assign to a third person a part of the claim, so as to enable such third person to maintain an action against the debtor for the part so attempted to be assigned.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. THOMAS R. ROULHAC.

This action was brought before a justice of the peace. On appeal from his judgment to the circuit court, it was tried *de novo* before the judge, without a jury, and judgment rendered for the plaintiff, the appellee here. The appeal is by the defendant from that judgment.

WALKER, PORTER & WALKER, and W. C. DAVIS, for appellant, cited *Ryals v. Prince*, 82 Ala. 264; *Oliver v. Holt*, 11 Ala. 574; *S. & N. R. R. Co. v. Henlein*, 56 Ala. 368; 1 Am. & Eng. Encyc. of Law, p. 184 *c*; *Manderville v. Welch*, 5 Wheat. 277; *Casselberry v. Forquer*, 27 Ill. 170.

DANIEL COLLIER, *contra*, contended that the rule against splitting causes of action does not prevent the creditor himself, or his assignee of part of the claim, from maintaining an action for less than the entire amount due; but that the operation of the rule is to defeat any suit for the residue where part of an entire claim has been recovered or assigned; that the rule is intended to prevent a multiplicity of suits, and not to defeat the first suits, though for less than the entire amount due.—*Herrin v. Buckalew*, 37 Ala. 585.

HARALSON, J.—The case was tried by the court, without the intervention of a jury. The cause of action, as set out in the complaint, reads: "Cause of action is brought upon an order from Sam Smith, to said Thos. H. Robertson, [the plaintiff, against the K. C. M., & B. R. R. Co., the appellant] for twenty-one days' work done for said company by Sam Smith, in the month of May, 1895, on section 16, and time sold to Thos. H. Robertson." The defense to the action was set up by several pleas, which were in substance a denial of each and every allegation of the complaint and that the defendant was indebted to the plaintiff as alleged, or in any other manner; that the suit was brought to recover of defendant $18.90, the amount of an order given by Sam Smith, an employé of defendant,

and at the time said order was given, defendant was indebted to said Sam Smith in the sum of $19.35, for twenty-one and a half days labor done consecutively for defendant by said Sam Smith, and defendant was not indebted to him in any other manner or in any other sum; that said Smith transferred to plaintiff a claim against defendant for twenty-one days labor at 90 cents per day, amounting to $18.90, which was only a part of the sum of $19.35, which was due and owing to him, for twenty-one and a half days labor, and the attempted tranfer of a part only of what was due him by defendant was invalid; that defendant was owing and due said Smith upon an entire and indivisible contract, and that he had no authority to transfer a part of said sum to the plaintiff; that the order given by said Smith to the plaintiff was not accepted by defendant before the commencement of this suit. There was a demurrer to the pleas, and a motion to strike out, but the abstract fails to show that there was any ruling on either.

The proof showed, without conflict, that Smith worked for defendant twenty-one and a half days, in May, 1895, and at the time the order was given, the defendant was owing Smith for such work, for that length of time, $19.35, and not otherwise; that he hired to the defendant, to work at 90 cents per day, and had a right to quit work at the end of any day, and the company would be indebted to him for the number of days he had worked, but the company had a regular monthly pay-day, and that said wages were not payable until the end of the month of May, when the regular pay-day arrived. There was no proof that the company accepted said order, or otherwise consented to it, or made any agreement to pay it. This proof fully established that the claim of Smith against the defendant was a single and indivisible debt.

It is well settled that a single contract, unless it is payable in installments, can not be split up, without the consent of the debtor, and become the foundation of a plurality of suits. The debtor has a right to stand upon the singleness of his original contract, and decline any assignment by which it may be broken into fragments. In such case, it is no part of his contract that he shall be obliged to pay in fractions to any other persons. The assignment of a part of the entire debt in this instance

by Smith's giving an order to plaintiff on defendant for a part of what was due him on the entire account, without defendant's consent, and without its acceptance of the same, did not give or authorize this suit upon such assigned part by the plaintiff, against the debtor company.—*Liddell v. Chichester*, 84 Ala. 508; *Wharton v. King*, 69 Ala. 365, 368; *Coleman v. Hatcher*, 77 Ala. 220; *Lee v. Tennebaum*, 62 Ala. 507; *Railroad Co. v. Henlein*, 56 Ala. 373; *Oliver v. Holt*, 11 Ala. 574; *Gibson v. Cooke*, 20 Pick. 15; *Grain v. Aldrich*, 38 Cal. 514; s. c. 99 Am. Dec. 423; *Mandevil v. Welch*, 5 Wheat. 277.

The judgment must be reversed, and one here rendered in favor of the defendant.

Reversed and rendered.