# Georgia Home Insurance Co. *v.* Boykin.

*Action of Assumpsit.*

1. *Contract to pay debt of another; when cannot be rescinded for fraud on part of third party.*—Where in a written contract there is a promise by one of the parties to pay the debt due and owing to the other from a third person, and this forms a part of the consideration of the contract and is consented to, and such third person is relieved from his obligation, the rights of the parties become fixed and the person making such promise cannot, without the other's concurrence, rescind said contract for any fraud or misrepresentation practiced upon him by said third person.

2. *Fire insurance company; what constitutes transacting business.*—The statutes as contained in the Code of 1886, requiring fire insurance companies to pay a certain amount into the treasury of the State before transacting business in this State (Code, 1886, §§ 1199-1204), extend only to dealings be'ween the fire insurance company and those whom it may insure, and do not include transactions beween a fire insurance company and their agents by which they attempt to secure or collect from such agents debts due them.

3. *Same; same.*—The fact that a foreign fire insurance company had not 1aken out a license to transact business of insurance in this State as required by the statute as contained in the Code of 1886, does not prevent the agent of said company who had collected premiums of insurance due during such period, from being legally indebted to said insurance company, and such claim on the part of the company against its agents can be enforced; said agent in collecting the premiums therefor acting for the company, and the money when paid having been paid for the company's use.

4. *Action by insurance company; sufficiency of plea.*—In an action by an insurance company to recover money due it from premiums collected by its agents, a plea setting up that said company did not pay a tax and procure a license in January as required by statute, does not show that said

company was not entitled to transact business in and after March of that year, which was the time the claim against defendant accrued; and therefore pleas setting up such facts without further denying that the plaintiff had in March taken out and procured a license, is insufficient as a defense and subject to demurrer.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This was an action brought by the appellant, the Georgia Home Insurance Company, against the appellee, F. M. Boykin. The complaint contain four counts.

The substance of the counts is, that during and prior to March, 1896, plaintiff, a corporation, was engaged in the business of fire insurance at Montgomery, Ala., and had a good business, the agent of plaintiff being Stuart Bros., composed of George and M. W. Stuart, who derived a large income from said business; that on the 13th March, 1896, Stuart Bros. were indebted to plaintiff in the sum of $1,803.22, which was past due and unpaid, and on the said 13th March the defendant purchased of George Stuart the interest of George Stuart in the firm of Stuart Bros., and George Stuart executed and delivered to defendant the following paper: "For and in consideration of four hundred dollars, paid by F. M. Boykin, I hereby sell, transfer and convey unto said Boykin my 1-2 interest of every description in firm of Stuart Bros., said Boykin accepting all claims due and against said interest. I further agree not to engage in real estate or insurance business for term of 2 years in the city of Montgomery, Ala." That on said 13th March the firm of Stuart Bros, was dissolved, and the firm of F. M. Boykin & Co., composed of defendant and M. W. Stuart executed the following paper: "Notice is hereby given that the partnership heretofore existing between George Stuart and M. W. Stuart, Montgomery, Ala., under firm name of Stuart Bros., was dissolved by mutual consent on the 13th day March, 1896." That thereupon, defendant and M. W. Stuart executed a paper and attached the same to the dissolution notice of Stuart

Bros., as follows: "Referring to above, we, F. M. Boykin and M. W. Stuart, having purchased the interest of George Stuart in the firm of Stuart Bros., have this day formed a partnership under the style of F. M. Boykin & Co. All debts owing to Stuart Bros. are to be received by us, and all debts due by said Stuart Bros. to be paid by us." That the sale by George Stuart of his interest to defendant, the dissolution of the firm of Stuart Bros., and the formation of the firm of F. M. Boykin & Co., were parts of the same transaction on the 13th March, 1896. That thereafter, on the 16th March, 1896, while the said $1,803.22 was still due from Stuart Brothers, and unpaid to plaintiff, said firm of F. M. Boykin & Co. applied to plaintiff for its insurance agency in the city of Montgomery, and plaintiff, being informed of said transaction above mentioned, assented thereto and agreed to appoint F. M. Boykin & Co. said agent, and thereupon F. M. Boykin & Co. executed and delivered to plaintiff the following paper, viz.: "Montgomery, Ala., March 16th, 1896. To Georgia Home Insurance Co., Columbus, Ga., Gentlemen: As successors to the firm of Stuart Bros., we assume their indebtedness to you and will pay off the same during the next four months. We will pay some of it each month, and as much each month as we can. We understand the balance due up to March 1st to be ($1,803.22) Eighteen Hunderd and Three and 22-100 Dollars." That the delivery of said paper by F. M. Boykin & Co., plaintiff's assent to the arrangement as hereinabove described between Stuart Bros. and F. M. Boykin, its agents in Montgomery, were all parts of one transaction; that no part of said $1,803.22 has ever been paid; that M. W. Stuart is not sued because he has been discharged in bankruptcy; that plaintiff performed its agreement to appoint F. M. Boykin & Co. its agents and plaintiff wholly released George Stuart from liability for said $1,803.22.

Defendant filed 20 pleas. Demurrers were sustained to all these pleas except pleas numbered 4, 4 1-2, 5, 9, 10, 12, 13, 14, 15 and 18. These pleas were in

words and figures as follows: "4. For further plea, defendant says that said alleged agreement on the part of defendant to pay the debt of the plaintiff was fraudulently procured in this: That on, to-wit, the 13th day of March, 1896, said George Stuart, as a member of said firm of Stuart Bros., offered to sell to defendant his interest in said partnership of Stuart Bros. That in order to induce defendant to buy said interest said George Stuart fraudulently concealed from defendant the true amount of the indebtedness of said firm of Stuart Bros., well knowing that had this defendant been truly informed of the amount of the indebtedness of said firm he would not have purchased said interest, as defendant avers the fact to be. That on, to-wit, the 17th day of March, 1896, defendant discovered that said George Stuart had so concealed the amount of said indebtedness, and thereupon and by reason of said discovery, defendant, on said 17th day of March, rescinded said agreement, the agreement to pay the debts of Stuart Bros, including the said debt owing the plaintiff, and gave notice to said George Stuart and to plaintiff, on said 17th day of March, and before plaintiff had appointed Boykin & Co. its agents as it had agreed to do aforesaid; that said agreement had been so rescinded. That consequent upon such rescission and for the same reason as aforesaid, this defendant dissolved said partnership and gave notice to plaintiff of such dissolution on the said 17th day of March; and since that time this defendant has not been interested in said partnership or its assets.

"4½. Defendant, for further plea, alleges that prior to said 13th day of March, 1896, said firm of Stuart Bros. were engaged in business as fire insurance agents, and there had been owing from various persons, premiums on policies insuring their property from fire, of which premiums, when paid, said firm of Stuart Bros, would have been entitled to retain a material and valuable part as commissions, as between said firm and the companies whose policies had been issued. That at the time of the delivery of such insurance policies to such persons, said George Stuart was indebted to such per-

23c

sons and had agreed with such persons to offset said sums due by them respectively with such indebtedness as far as said premiums should extend. That when he sold his interest in the firm of Stuart Bros. to defendant said George Stuart fraudulently concealed from this defendant the fact that any such agreements had been made in respect to said premiums. That the fact that said premiums were owing said firm was shown on the books of said Stuart Bros, and formed a material part of the consideration for the purchase by defendant of said George Stuart's interest in said firm. That affiant discovered on, to-wit, the 17th day of March, 1896, the fact that said aforesaid agreements to offset said premiums with said indebtedness had been made, and thereupon and on the same day, and before plaintiff, had, as agreed, appointed F. M. Boykin & Co. its agents, defendant, because of said fraudulent concealment, rescinded the agreement to assume with M. W. Stuart, payment of the debts of said Stuart Bros. and dissolved partnership with said M. W. Stuart, and on that day gave notice to said George Stuart and to the plaintiff that said agreements had been rescinded and said partnership had been dissolved.

"5. And this defendant again avers, as is here again fully set forth, all the statements made in the foregoing plea numbered 4 1-2 and in addition thereto alleges: Defendant avers that the plaintiff had not, prior to receiving notice of the recission of said agreements and dissolution of said firm, released either George Stuart or M. W. Stuart or said firm of Stuart Bros., from said debt, or suffered any detriment on the faith of the undertaking of this defendant sued upon.

"9. Comes the defendant, F. M. Boykin, and for further answer to the whole complaint, says that all the agreements sued on in the complaint, arise out of and are based on one and the same transaction, and no other, to-wit, that on to-wit, the 13th day March, 1896, this defendant entered into an agreement with one George Stuart, by which this defendant purchased the interest of said George Stuart in the then partnership of Stuart Bros., composed of said George Stuart and

Moses W. Stuart, the said partnership then being engaged in the real estate and fire insurance business, it being understood at the time that this defendant and said M. W. Stuart would at once form a partnership and carry on said business, and should assume as part of said agreement with said George Stuart the debts of said firm of Stuart Bros. And this defendant avers that at the time of his said purchase of said George Stuart's interest in said firm of Stuart Brothers, and as an inducement thereto, the said George Stuart represented to this defendant that certain persons were indebted to said firm or the insurance companies represented by said firm, and on which indebtedness said firm was entitled to large commissions, when in fact and in truth such indebtedness had been previously collected or discharged by the said George Stuart, or did not exist. And the said George Stuart then and there as further inducement to said trade, represented to this defendant that the indebtedness of said firm did not exceed, to-wit, three thousand dollars ($3,000.00), when in fact said indebtedness amounted to, to-wit, about six thousand dollars ($6,000.00), and the said George Stuart, at the time of making said representations, knew the same to be fase, and this defendant, relying thereupon, was mislead and deceived into making said contracts. And defendant further avers that before the plaintiff had in any manner assented to the assumption of the said debt by these defendants, or by this defendant, the said trade with the said George Stuart was rescinded by this defendant on the grounds above set forth, and said partnership agreement with the said M. W. Stuart by this defendant was also rescinded, both of which rescissions were had and made before the plaintiff ever in any manner changed its situation in respect to said debt. And defendant further avers that said plaintiff had never released the said George Stuart, or the said firm of Stuart Brothers, from said debt. Wherefore, etc.

"10. This defendant for further answer to the complaint, says that at the date said alleged contract or contracts set forth in the complaint, the plaintiff was a corporation organized under the laws of Georgia engaged in

the business of insurance against fire. That all the afore-mentioned transactions occurred, and said contracts were made in the State of Alabama, in the year 1896, and that the said plaintiff had not, during the year 1896, and prior to said transactions, paid into the treasury of the State of Alabama the sum of one hundred dollars as required by section 1199 of the then Code of Alabama, nor had the Auditor of the State of Alabama within said time issued to said company a license to transact the business of insurance in this State itself, or by such agents as it might appoint.

"12. For further answer to said complaint, the defendant F. M. Boykin, says that during the years 1893, 1894, 1895, and 1896 the plaintiff was, and still is, a foreign corporation, organized under the laws of the State of Georgia, and authorized to insure against loss by fire. That the sum alleged in the complaint to have been owing by said firm of Stuart Bros. to the plaintiff, was for premiums collected by said Stuart Bros. on fire insurance policies issued by plaintiff, and delivered by said firm of Stuart Bros as its agent insuring property in this State against loss or damage from fire, to-wit, during the years 1893 to 1896, both inclusive. And this defendant avers, that said plaintiff did not in the month of January, in either of said years pay into the treasury of the State of Alabama the sum of $100.00; and that the Auditor of this State did not in the month of January of either of said years issue to said plaintiff a license to transact business of insurance in this State, itself, or by such agents as it might appoint. Wherefore this defendant says that plaintiff cannot have and maintain this suit against him.

"13. For further answer to said complaint, defendant says, that during the years 1893, 1894, 1895, and 1896, the plaintiff was a foreign corporation organized under the laws of the State of Georgia, having a capital stock of $300,000.00, and authorized to issue policies of insurance against fire. That said plaintiff did not in the month of January of said years pay

into the treasury of this State the sum of $100.00, nor did the Auditor of this State in the month of January in either of said years, issue to said plaintiff a license to transact the business of insurance in this State, itself, or by such agents as it might appoint. And defendant avers that said plaintiff had not during said years and prior to making the contract with defendant set forth in the several counts of the complaint, ever pay into the treasury of this State, for the use of the State, a fee of $100.00. And defendant avers that said contracts set forth in said complaint were made between the plaintiff and defendant in the State of Alabama on to-wit, the 13th day of March, 1896. Wherefore defendant says that plaintiff is not entitled to maintain this action against him.

"14. For further answer to this complaint this defendant says, that said firm of Stuart Bros, was at the date of said alleged contracts engaged in the fire insurance business claiming to lawfully represent as agents in the city of Montgomery, Ala., amongst other foreign corporations the plaintiff, which was a foreign corporation organized under the laws of the State of Georgia, and authorized to issue policies of insurance against fire. That the agency for, and the right to transact the business of insurance by said company in the city of Montgomery, Alabama, constituted a valuable part of the assets of said firm of Stuart Bros., sold by said George Stuart to this defendant by said contract as a consideration for the assumption of the debt due the plaintiff. That it was understood and agreed as a material part of said consideration between said George Stuart and this defendant that such agency should continue in this defendant and said M. W. Stuart, of which said agreement the plaintiff had notice, and to which it gave its assent. But this defendant avers that said George Stuart well knew at the date of said contract that the plaintiff had not in the month of January, 1896, paid into the treasury of this State the sum of $100.00. and that the Auditor of this State had not issued to the plaintiff in said month of January, 1896, a license to transact business of insurance in this State, itself, or by such agents as it might appoint.

And this defendant avers the fact to be, that such payment had not been made in the month of January, 1896, and that such license had not been issued in said month. This defendant avers that he was ignorant of said facts, and that said George Stuart failed to disclose the same to this defendant. And defendant avers that the right to represent said company was a material inducement to defendant's entering into said contract, and that he relied thereon in entering into said contract and on the fact that such company was duly authorized to transact fire insurance business in this State. Wherefore this defendant says the plaintiff ought not to recover against him in this suit.

"15. Comes the defendant, F. M. Boykin, and for further answer to the complaint says, that the plaintiff is not entitled to recover of him in this action for that at the time of the alleged promise set forth in said counts of the complaint, the plaintiff as part of the consideration of said promise from said Boykin to said George Stuart, and as an inducement thereto, agreed and promised this defendant to appoint him and the said M. W. Stuart, and did appoint them, its agents in the city of Montgomery, State of Alabama, to transact the business of fire insurance for the plaintiff in this State, which said promise on the part of the plaintiff was made in the State of Alabama. And defendant avers that at the time said contract mentioned in the 3d count of the complaint was made, the plaintiff was then and is now a fire insurance company, and a corporation created under the laws of the State of Georgia, and had not complied with the requirements of section 1199 of the Code of 1886, by paying into the treasury of the State the sum of $100.00 during the month of January next preceding said contract, and had not received from the Auditor of this State in said month of January, a license to transact the business of fire insurance in this State. Wherefore the said defendant says that the said plaintiff ought not to have or maintain its action aforesaid against this defendant.

"18. For further plea in this behalf this defendant avers that at the time of the making of the agreement aforesaid to purchase the interest of said George Stu-

art, said Stuart knew that said firm of Stuart Bros. was indebted to the Tallassee Fall Manufacturing Company in a large sum, to-wit, five hundred dollars. But for the purpose of misleading and deceiving this defendant and of inducing him to make said purchase, concealed from defendant the fact of said indebtedness, of which fact this defendant was ignorant. That when this defendant discovered the fact of said indebtedness, to-wit, on the 17th day of March, 1896, he rescinded said agreement with said George Stuart, and dissolved said partnership, and gave plaintiff notice of the fact of such recission and dissolution before the plaintiff had appointed said F. M. Boykin & Co., its agents as it had agreed to do."

To the fourth plea the plaintiff demurred upon the following grounds: 1. It is not averred or shown in said plea that this plaintiff participated in said alleged representations or concealment, or ever had any knowledge thereof. 2. It is not averred or shown that any representations made by this plaintiff, or that anything was concealed by this plaintiff from said defendant or his co-partner, M. W. Stuart, as an inducement to defendant decoming obligated to pay plaintiff as set forth in the complaint. 3. It is not denied that the defendant became obligated to plaintiff as alleged in the complaint, and that his obligation was accepted by the plaintiff and that a new consideration moved to defendant. 4. It is not denied that the defendant without any concealment of facts or any misrepresentations on the part of plaintiff, agreed to pay the debt due to plaintiff by Stuart Bros., and that said agreement was accepted by plaintiff and George Stuart discharged from liability for said debt.

To plea 4 1-2 plaintiff demurred upon the same grounds of demurrer as to the 4th plea, and also upon the following additional grounds: 1. It is not denied by said plea that defendant obligated himself as set forth in the complaint to pay plaintiff, and no sufficient reason for the rescission of said contract is set forth in the plea. 2. Said plea confesses that defendant obligated himself to pay plaintiff in the complaint, and sets out no facts in excuse or in avoidance of said

obligation. 3. It is not averred or shown that this plaintiff was connected with any of the alleged fraud or concealment described in said plea. 4. It is not shown by said plea that defendant did not know previous to the execution of the obligation to plaintiff of the facts alleged in said plea. 5. It is not alleged in said plea that the defendant did not act upon the employment by plaintiff of him which was part of the basis of said obligation of defendant.

Plaintiff demurred to the 5th plea upon the following grounds, in addition to the grounds of demurrer to pleas 4 and 4 1-2: 1. Said plea avers as a conclusion that this plaintiff had not released George Stuart, without averring any facts in support thereof. 2. It is not denied by said plea that there was a sufficient consideration for the promise of defendant which is counted upon in the complaint as set forth therein. 3. It is not denied by said plea that defendant received a benefit as described in the complaint as a consideration for his promise to pay plaintiff as set forth in the complaint. 4. Said plea does not deny the averments of the complaint as to the transactions, occurrences or agreements on and prior to March 16th, 1896.

To the 9th plea plaintiff demurred, in addition to the grounds of demurrer to the other pleas, upon the following grounds: 1. It is not alleged in said plea that the defendant ever gave the plaintiff any notice, or that the plaintiff had any knowledge of the alleged rescission. 2. It is not alleged that the defendant did not act on said agreemena entered into between him and plaintiff. 3. It is not denied that defendant received a benefit from said contract entered into with plaintiff. 4. It is not denied that as matter of law the facts alleged in the complaint were a discharge of George Stuart from said indebtedness.

To the 10th plea plaintiff demurred, in addition to the grounds of demurrer to other pleas, upon the following grounds: 1. It does not appear that section 1199 of the Code of Alabama has any reference whatever

to the matters set up in said plea. 2. It does not appear by the plea that the defendant was, prior to the making· of said agreement, or at the time of making said agreement, engaged in business in this State. 3. It does not appear by said plea that the plaintiff had been prior to this transaction, or was at the time of the transaction described in the complaint, engaged in business in this State. 4. It does not appear that the plaintiff was at the time of said agreement engaged in any business of fire insurance in Alabama at the time of the transaction described, or at any other time. 5. It does not appear that the acts counted upon in the complaint were a doing of insurance business in this State. 6. The statute does not invalidate any contract made by plaintiff for its failure to pay said sum or procure said license.

To the 12th plea, in addition to grounds of demurrer to plea 10, plaintiff also demurred upon the following grounds: 1. It is immaterial whether in the years 1893, 1894, 1895 the plaintiff had complied with the laws referred to. 2. It appears by the complaint that the matters of Stuart Brothers and the liability of said Stuart Brothers therefor became an executed contract at the time of the contract between the plaintiff and defendant. 3. It does·not appear that the claim of the plaintiff against the defendant rests for its validity upon any illegal transaction. 4. It does not appear that there is any law which requires the plaintiff in either of the years mentioned to pay into the State treasury the sum of $100.00, or to obtain license from the State Auditor to do business in this State.

To the 13th plea plaintiff demurred upon the following grounds, in addition to the grounds of demurrer interposed to pleas 10 and 12: 1. It does not appear in and by said plea with what relevancy or force the fact that plaintiff did not during the years 1893, 1894, and 1895 pay said money into the treasury or receive the Auditor's license, has to do with the matters set up in the complaint. 2. It does not appear that the plaintiff did do any business of ˜fire insurance in this State at the time of or prior to the making of said contract with defendant. 3. It is not alleged in said plea that by the

acceptance of the obligation of defendant the plaintiffs discharged Stuart Brothers and George Stuart from the payment of said debt.

To the 14th plea plaintiff demurred, in addition to the grounds of demurrer interposed to pleas 10, 12 and 13, upon the following grounds: 1. It does not appear that at and before the making of the contract between the plaintiff and defendant the plaintiff had not complied with each and all laws of the State of Alabama in reference to foreign insurance companies. 2. It does not appear that prior to the transactions between plaintiff and defendant the said Stuart Brothers had with the consent of plaintiff, done business in this State as agents of plaintiff. 3. It is not alleged in said plea that the plaintiff had not paid into the State treasury the said sum of $100.00 and had not received the said Auditor's license.

To the 15th plea plaintiff demurred, in addition to grounds of demurrer interposed to pleas 10, 12, 13 and 14, upon the following grounds: 1. It does not appear from the said plea that the plaintiff engaged in any business in this State for which a license was required by the laws of the State of Alabama. 2. That the statement in said plea that the plaintiff had not complied with the laws of the State of Alabama in reference to fire insurance companies is a mere conclusion, without the statement of any facts to sustain the same. 3. It appears in and by the complaint that the transactions between the plaintiff and defendant occurred in the month of March, 1896, and it does not appear by the said plea that prior to the said transaction plaintiff had not in all respects complied with the laws of the State of Alabama in reference to doing business in this State by foreign insurance companies, but only that the plaintiff had not during the month of January, 1896, complied with said laws.

To the 18th plea the plaintiff demurred upon the following grounds: 1. It is not alleged that the plaintiff knew anything about the debt of the said Stuart to the Tallassee Falls Manufacturing Company, or that the plaintiff concealed the said fact from defend-

ant, or made any misrepresentations to defendant` in reference thereto, or participated in any manner in the fraud or concealment alleged in said plea. `2. It is not denied that the defendant executed the contract to plaintiff sued on and became liable as claimed. 3. It is not denied that the contract between plaintiff and defendant was based upon the consideration alleged in said complaint. 4. It is not denied that the defendant acted under the said contract made with plaintiff prior to the 17th of March, 1896.

These demurrers were overruled. The overruling of the demurrers to these pleas as above set out presnt the only question for review by the court on present appeal. From a judgment in favor of the defendant the plaintiff appeals, and assigns as error the rulings of the trial court upon the pleadings.

WATTS, TROY & CAFFEY, for appellants.—Where two or more instruments are contemporaneously executed as parts of the same transaction, in arriving at the intention of the parties, all the instruments are to be considered together. The court construes each of them, and considers the circumstances under which they were executed.—*Oliver v. Ala. etc. Co.*, 82 Ala. 417; 3 Brick. 148, §§ 104-106-110; *Alba v. Strong*, 94 Ala. 163; *Berry v. Hall*, 54 Ala. 446; *Strouse v. Elting*, 110 Ala. 132; *Pierce v. Tidwell*, 81 Ala. 299.

The acceptance by plaintiff of the obligation of F. M. Boykin & Co., was a discharge of Stuart Bros.—*Day v. Thompson*, 65 Ala. 273; *Underwood v. Lovelace*, 61 Ala. 157; *Thompson v. Hall*, 61 Ala. 204; *Murray v. Br. Bk. of Decatur*, 20 Ala. 392; 1 Bates on Part., §§ 507, 516, 520, (523).

When the original debtor is entirely released or discharged and the obligation or promise of a third person is substituted in place of that of the discharged debtor, the statute of frauds has no application, and the new debt thus created is binding on the substituted promissor or debtor. It is his own debt, and cannot be said to be the debt of another.—*Thornton v. Guise*, 73 Ala. 322; *Russell v. Wright*, 98 Ala. 655; *Hixon v. Hethrington*, 57 Ala. 165. And, whether founded on any new

consideration or not, it is binding if the previous debtor was discharged.—*Underwood v. Lovelace*, 61 Ala. 157. If there was a benefit to the defendant, the contract is binding.—*Bingham v. Mastin*, 54 Ala. 125; *Henry v. Murphy*, 54 Ala. 251.

In order for the promise of defendant not to be binding, the obligation against George Stuart must continue.—*Lehman v. Levy*, 69 Ala. 51; *Thornton v. Guice*, 73 Ala. 322; *Westmoreland v. Porter*, 75 Ala. 457; *Russell v. Wright*, 98 Ala. 655; *Hixon v. Hetherington*, 57 Ala. 165. Even if there was a continuing liability on George Stuart, yet the new consideration passing to defendant made the obligation binding.—*McKenzie v. Jackson*, 4 Ala. 230; *Thompson v. Williams*, 71 Ala. 555; *Mason v. Hall*, 30 Ala. 599.

Besides, this contract was executed. Boykin & Co. proposed to plaintiff to assume the indebtedness of Stuart Brothers, and to be appointed agent. Plaintiff accepted the proposition. It was a completed transaction. The statute of frauds does not apply to such a promise. *McMahon v. Jacoway*, 105 Ala. 585; *Lagerfelt v. McKie*, 100 Ala. 430; *Nelson v. Shelby*, 96 Ala. 515; *Newburn v. Bass*, 82 Ala. 622; *Gordon v. Tweedy*, 71 Ala. 202; *Lavender v. Hall*, 60 Ala. 214; *Gafford v. Stearns*, 51 Ala. 434; 98 Ala. 577; 92 Ala. 135, 157.

Before Boykin could be entitled to rescind the contract, he must show either fraud, concealment or material misrepresentation on the part of the plaintiff, which defendant acted on to his detriment.—*So. Development Co. v. Sylva*, 125 U. S. 427; *Farnsworth v. Duffner*, 142 U. S. 43; *Slaughter v. Gerson*, 13 Wall. 379.

J. M. CHILTON and W. S. THORINGTON, *contra*.—It cannot be seriously insisted, nor do we understand it to be contended, that the several pleas setting up frauds alleged to have been committed by George Stuart in procurement of the contract sued on, do not set up the right to rescind the contract and dissolve the partnership, as between the defendant Boykin and George Stu-

art.—Lindley on Partn. p. 482, § 3; *Smith v. Boesctte,* 126 Mass. 304; *Hayes v. Stewart,* 10 B. Monroe, 429.

In each of the counts, it is alleged as a substantative term of the contract, that plaintiff was to appoint F. M. Boykin & Co. its agents. It is averred in all the counts that plaintiff's assent to the arrangement made with George Stuart and its acceptance of the offer of Boykin to pay its debt, made directly to it, and the agreement to appoint Boykin & Co. its agents, were parts of one and the same transaction. Before the contract was consummated as between plaintiff and defendant Boykin, there was necessary: 1st, That the plaintiff should have agreed to accept Boykin as its debtor. 2 Lindley on Partn. p. 705; *Ex parte Jackson,* 1 Vesey Jr. 130; *Ex parte Peel,* 6 *Ib.* 601. 2d. That it should have released George Stuart. Otherwise the promise of defendant to pay plaintiff's debt would have been collateral and nugatory under the statute of frauds. This proposition, however, it is not essential that the defendant should maintan.—*King v. Tunstall,* 109 Ala. 611, 612. 3d. That the plaintiff should have appointed F. M. Boykin & Co. its agents, this being a term of the contract as alleged in every count of the complaint and the contract being entire and not severable by its terms? The question of whether a contract is entire or severable is determined by the further inquiry whether by its terms its consideration can be apportioned to the different stages or acts of performance. If it can be, it is severable; but if the consideration is a sum in gross to be paid for the performance of several acts, the contract is entire and the performance of all its conditions is necessary to its complete execution.—*Kirkland v. Oates,* 25 Ala. 465.


SHARPE, J.—In determining the sufficiency of the pleas it is important to notice that the complaint is double. Each count of it avers the making of a contract between the defendant and George Stuart, whereby the former, in part consideration of his purchase of the latter's interest in the firm of Stuart Brothers, undertook to pay the debts of that firm including the debt

owing to plaintiff. Each count also avers the making of a promise in writing directly to the plaintiff by defendant and M. W. Stuart, members of the newly formed firm of F. M. Boykin & Co., to pay that debt. These undertakings are not shown to have constituted one contract, though it is averred that they were parts of the same transaction. So far as appears from the complaint the consideration for the promise to George Stuart moved from him alone by the sale of his partnership interest. It is not shown that plaintiff was originally a party to the contract with George Stuart, or that in the making of that contract it bound itself to release George Stuart from the debt, or to do anything. It is averred, in substance, that being informed of the transactions mentioned as had between the firm members of Stuart Brothers and Boykin & Co., plaintiff assented thereto and agreed to appoint Boykin & Co. its agent, and that by reason of what had occurred, including its acceptance of the written promise made, plaintiff discharged George Stuart from liability for its debt; but the complaint is silent as to whether such discharge occurred when the contract was made with George Stuart, and as to whether the appointment of Boykin & Co. to the agency, was made in consideration of de-defendant's assumption of plaintiff's debt. As a beneficiary of the contract between George Stuart and defendant, plaintiff, though it may not have been an original party thereto, had a right to subsequently release George Stuart and enforce that contract by suit in its own name.—*Carver v. Eads*, 65 Ala. 190. But before this right became fixed by such release, it was subject to be defeated by a rescission of the contract as between the original parties.—*Pugh, Stone & Co. v. Barnes*, 108 Ala. 167. A rescission having such effect, might have been made in the absence of, and without notice to the plaintiff, so long as it stood aloof from and gave nothing in consideration for the contract. If the complaint could be treated as declaring alone on defendant's contract with George Stuart, under the principle above referred to, the pleas setting up rescission for the alleged

fraud of George Stuart, viz.: pleas 4, 4 1-2, 5, 9, and 18, would each have been good.

But those pleas do not answer the declaration on the promise made by defendant and M. W. Stuart to the plaintiff direct. That declaration in itself discloses a cause of action. It does not expressly aver the consideration for that promise, but it does not negative the existence of a consideration, as consisting in plaintiff's release of George Stuart, or in its appointment of Boykin & Co. as its agent, or in something not mentioned in the complaint, or in the pleas, and not amounting to a detriment to plaintiff. That promise being in writing is made by section 1800 of the Code to import a consideration, and this statute has been construed as obviating the necessity of averring the consideration, in declarations framed on writings of the class to which it applies.—*Thompson v. Hall*, 16 Ala. 204; *Bolling v. Munchus*, 65 Ala. 558. Without plaintiff's concurrence no contract after coming validly into existence as between it and the defendant upon a consideration moving as between them, was subject to rescission for any fraud or conduct of George Stuart alone.

Section 1199 of the Code of 1886 provided that "Before any insurance company not organized under or by the laws of this State, shall transact any business of insurance, other than life or accident insurance in this State, through agents, or otherwise, it shall pay into the treasury of the State, the sum of one hundred dollars, and that amount thereafter in the month of January, annually," etc. In the same article of that Code it was by section 1204 directed that upon compliance by any insurance company with the foregoing and other statutory requirements, the auditor should "issue to such company a license to transact the business of insurance in this State, itself, or by such agents as it may appoint, until the 15th day of January next, ensuing, which license shall be renewed in January of each year, on compliance with the terms of this article and subject to the conditions therein." These requirements, being limited by their terms to the business of insurance, extend only to dealings between the foreign company and those it would insure, such as look to or involve

contracts of insurance. They do not, as is assumed by pleas 10 and 13 include transactions had merely to secure or collect from their agents, or from others who may assume them, debts which in the absence of such requirements would arise from the contract of agency. Plea 12 seems to have been interposed upon the theory that because compliance with the statutes referred to ought to have preceded the collection by Stuart Bros. of premiums, there was such illegality attending the collection as to prevent the same from enuring to the company's benefit. This theory is untenable. Stuart Brothers having acted in collecting the premiums, for the company, the money when paid, was paid for the company's use, and those agents had no right to retain, or to appropriate the same to their own use. The company's claim on Stuart Brothers for money so paid them was not infected with illegality.—Story on Agency, § 347; *United States Express Co. v. Lucas,* 36 Ind. 361.

The fact alleged in pleas 14 and 15 that the plaintiff did not pay the tax and procure a license in *January,* of 1886, does not show it was not entitled to transact the business in and after March of that year when it agreed to appoint defendant its agent, and, therefore, does not show there was any want or failure of consideration either for defendant's promise to George Stuart or his promise to plaintiff. The statutes referred to, in so far as they designate the time for paying the tax, and procuring license, are directory, and though the prosecution of insurance business at a time not covered by the tax and license would have been within the prohibition, the tax could have been paid, and the license could have been legally issued, at any time later in the year than January.

There was error in overruling the demurrer interposed to each of the pleas above designated.

The judgment will be reversed and the cause remanded.