# Charlie's Transfer Co. *v.* Leedy & Co.

### *Damages From Automobile Collision.*

(Decided December 16, 1913.  64 South. 205.)

1. *Appeal and Error; Review; New Trial.*—Where the evidence was in conflict, and the trial court refused a motion for new trial, this court will not disturb the judgment on appeal.

2. *Same; Objection; Time.*—Where the answer was responsive to the question, and an objection to the question was not interposed until after the answer, the objection came too late, and will not be reviewed on appeal.

3. *Same; Harmless Error; Instruction.*—Where the court in its oral charge and in charges requested instructed the jury that if they believed the evidence they could not find for the plaintiff under the count predicated on willfulness and wantonness, it was harmless error to refuse to charge that there was no evidence that defendant willfully and wantonly caused the injury complained of.

4. *Evidence; Pleadings as.*—Pleadings not sworn to are to be regarded as mere declarations of counsel for the party and statements of facts therein are not admissible as evidence against such party.

5. *Witnesses; Examination; Responsiveness.*—Where the witness testified that he paid a physician between $25 and $40 for looking after the injuries to his horse caused by defendant's alleged negligence, the testimony was not objectionable on the ground that it was too vague since it was positive as to the $25 and vague only as to the excess.

APPEAL from Birmingham City Court.

Action by W. B. Leedy & Co., against Charlie's Transfer Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is as follows: "Plaintiff claims of defendant the sum of $1,000 as damages for that heretofore, to wit, March 17, 1911, plaintiff's son, John S. Leedy, was riding in plaintiff's buggy drawn by plaintiff's horse on a public street in the city of Birmingham, to wit, Twenty-First Street Bridge, and that while being so driven his horse and buggy was struck by a large automobile truck owned and operated by defendant, and as a proximate consequence thereof suffered the injuries as set out in the complaint. Plaintiff alleges that he was damaged as aforesaid by reason and as a proximate consequence of the negligence of defendant or of defendant's servants or agents in or about the management or control of said automobile truck."

FRANK L. WARD, for appellant. The evidence was positive and uncontradicted that the auto struck the truck, and the affirmative charges requested for defendant should have been given.—*So. Ry. v. Morgan,* 50 South. 626; *Gassenheimer v. Wes. Ry.,* 57 South. 718. The evidence as to the amount paid the physician was vague and uncertain and should have been excluded. On the authorities above cited, the court should grant a rehearing, and set aside the verdict.

ABBOTT & DAUGETTE, for appellee. The evidence was in conflict, and the affirmative charges were properly refused.—*Carter v. Fulghum,* 134 Ala. 242; *L. & N. v. Lancaster,* 121 Ala. 271. The court had charged the jury that they could not find for plaintiff under the count in wantonness or willfulness, and hence, there was no error in refusing to charge that there was no

evidence of wantonness and willfulness.—*Post Co. v. Jones,* 133 Ala. 228; *L. & N. v. York,* 128 Ala. 307. The charges for keeping the horse after the injury were proper elements of damage.—*Randolph v. Carlton,* 8 Ala. 606; *Taylor v. Keller,* 31 Ala. 359. Where a question is answered responsively and no objection is interposed till after the answer, the objection is too late.— *Hudson v. State,* 137 Ala. 64; *Miller v. State,* 130 Ala. 1. The evidence was conflicting, and the court hearing the evidence refused to set the verdict aside, and this court will not disturb it on appeal.—*Cobb v. Malone,* 9 South. 739.

THOMAS, J.—The case was tried upon count 1 of the complaint as amended, which the reporter will set out as containing a sufficient statement of the facts. The defendant, appellant here, pleaded the general issue, under which it offered evidence tending to show that the accident complained of was not due to the negligence of the defendant or its servants, as alleged, but to the negligence of a third party, one Brown, who, when and while running another automobile at the time and place of the accident, over which defendant had no control, drove it into defendant's automobile truck and thereby forced it against plaintiff's horse and buggy, causing the injury and damage complained of.

As to whether the accident happened in this way or as the result of defendant's alleged negligence, which plaintiff's evidence tended to establish, the testimony was in serious and irreconcilable conflict. The jury found for the plaintiff, and, on motion for a new trial filed by the defendant, the lower court, who heard the testimony as it fell from the lips of the witnesses and who saw their manner and demeanor on the stand, sustained that finding, which we will not disturb, although it appears that the number of defendant's witnesses on

the disputed point exceeded that of plaintiff's. It is true that the plaintiff's witnesses were interested, but it is likewise true that the defendant's witnesses were at least biased, if not interested, being, as they were, the servants of defendant in charge of his automobile truck at the time that it struck plaintiff's horse and buggy. Besides, the physical facts testified to by defendant's witnesses lend, in our judgment, more probability to plaintiff's theory of the accident than to defendant's. Guided by the rules laid down by the Supreme Court in the leading case on the subject, we are not of opinion that the lower court erred in overruling defendant's motion for a new trial.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738. We find nothing in the following cases cited by appellant to conflict with those rules, or this application of them: *Gassenheimer v. Western Ry. Co.,* 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; *Sou. Ry. Co. v. Morgan,* 171 Ala. 294, 54 South. 626.

It follows from this that we are likewise of opinion that the court did not err in refusing the affirmative charge requested by defendant, or in refusing the charge of similar purport to the effect that the undisputed evidence shows that the damage complained of was caused by the auto of C. E. Brown (the third party hereinbefore mentioned) striking the front of defendant's auto truck. There was no injury, if error, in the action of the court in refusing to charge that "there is no evidence in this case that defendant willfully and wantonly caused the injuries complained of," because the court had previously charged in writing at defendant's request that if the jury believed the evidence they could not find for the plaintiff under the second count of the complaint, which was the only count predicated on willfulness and wantonness.

The defendant assigns as error the overruling by the court of his objection to the following question propounded by plaintiff to his witness Latham: "You say you charged $20 per month board for the horse?" But the bill of exceptions shows that no objection was interposed to the question until after it was answered, and that the answer was responsive to the question. The objection came too late for the defendant to be entitled to a review of the matter here.—*Hudson v. State*, 137 Ala. 64, 34 South. 854; *Miller v. State*, 130 Ala. 1, 30 South. 379.

After the plaintiff had testified that he had brought suit against C. E. Brown for the same accident for which he was suing defendant in this suit, and which case was to be subsequently tried, the defendant offered to introduce in evidence the complaint in plaintiff's suit against said Brown, which the court, upon objection of plaintiff, declined to permit. We suppose the object of this proffered proof was to show that the complaint in that case contained some allegation in conflict with plaintiff's evidence in the present case. Pleadings, unsworn to, are regarded as the mere suggestion or declarations of a party's counsel, and statements of fact therein are not admisisble as evidence against him.—1 Brick. Dig. 829, §§ 353, 354; *Callan v. McDaniel*, 72 Ala. 103.

The plaintiff stated in answer to questions calling it forth that he paid Dr. Morson for services to his injured horse between $25 and $40. The defendant objected to the answer upon the sole ground that it was too vague. We do not think the objection tenable. The answer is definite and positive as to the $25, and only indefinite and vague as to the excess.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.