# Whatley v. Muscogee Bank.

### Assumpsit.

(Decided November 16, 1916. 72 South. 1018.)

**Bills and Notes; Defenses; Pleading.**—Where the complaint based on a promissory note did not contain words of negotiability, such as payable to "order" and "bearer," and the pleas set up fraud and failure and want of consideration, a replication alleging that plaintiff was an innocent purchaser for value and without notice, was bad on demurrer, unless it went further and showed that the note, the basis of the suit, was a negotiable note.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Assumpsit by the Muscogee Bank against L. A. Whatley. Judgment for plaintiff and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The complaint declared simply on a promissory note. The pleas set up failure and want of consideration, and that the note was secured under false and fraudulent pretenses, the facts being therein set out. The replication set up that Muscogee Bank was

[Naylor Lumber Co. v. American Tie & Timber Co.]

a general banking institution engaged in a general banking business, and that it purchased the note sued on in the general course of business, and before maturity for a valuable consideration, and without notice of the matters set up by the pleas. The fifth demurrer was that each replication failed to show that the note sued on was a commercial note and governed by the law merchant.

SMITH & WATKINS, for appellant. BERRIEN T. PHILLIPS, for appellee.

SAYRE, J.—The complaint does not allege that the note sued upon contained negotiable words, that is, was made payable to "order" or "bearer," and, for aught there appearing it was non-negotiable.—Code, §§ 4958, 4665, 4966; 7 Cyc. 606. To avoid the defenses stated in the several special pleas, it was necessary that the replications should show the negotiability of the note.—14 Enc. Pl. & Pr. 518, 525. The fifth ground of demurrer to the special replications should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.