(82 South. 649)

SIMPSON v. E. C. PAYNE LUMBER CO.
(8 Div. 598.)

(Court of Appeals of Alabama. May 20, 1919. On Rehearing, June 17, 1919.)

1. BILLS AND NOTES ⬯151—WORDS OF NEGOTIABILITY—NECESSITY.

In a materialman's action on contractor's order on owner where order was not made payable to "order or bearer," and was not brought within the category of instruments in which such words of negotiability are not essential to its character as negotiable paper, the statutes and rules of law governing and defining the liability of drawee of bills of exchange are not applicable, under Code 1907, § 5075.

2. CONTRACTS ⬯71(1)—CONSIDERATION—MECHANIC'S LIEN—ASSUMPTION OF DEBT.

Materialman's right to establish lien on building for balance due him from contractor is a sufficient consideration to support owner's agreement to assume contractor's liability to materialman.

3. ASSIGNMENTS ⬯58—BUILDING CONTRACTS —CONTRACTOR'S ORDER ON OWNER.

If owner is indebted to contractor in an amount greater than the amount of contractor's order to materialman upon owner, and owner accepts and agrees to pay order, she would be liable therefor.

4. ASSIGNMENTS ⬯58—BUILDING CONTRACTS — ACTION UPON CONTRACTOR'S ORDER — PLEADING.

In materialman's action against owner on contractor's order upon owner, acceptance of order must be in writing to bring it within Code 1907, § 3966, making written contract evidence of the debt and placing burden of proof upon defendant; and, in absence of such acceptance, owner's agreement upon sufficient consideration to pay demand represented by order must be alleged.

5. EVIDENCE ⬯242(1) — LETTERS — AGENCY—SCOPE OF AUTHORITY.

In materialman's action against owner on contractor's order to owner, letter to owner from her agent was properly admitted in evidence, where evidence tended to show that agent supervised construction of building for owner, and that in gathering data on which statements in letter were based he was acting within scope of his authority.

6. WITNESSES ⬯346—BUILDING CONTRACTS — ACTION AGAINST OWNER'S SURVIVING WIFE—EVIDENCE.

In materialman's action against surviving wife of deceased owner upon contractor's order,

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[2] 41 South. 516.

where plaintiff's president testified that defendant had agreed to pay for the material, evidence that plaintiff had filed suit against defendant's husband's executor was admissible as tending to show the witness was in doubt as to who was responsible for the price of the material, and as tending to discredit his testimony.

7. MECHANICS' LIENS ☞263(9) — CONTRACTOR'S ASSIGNMENT OF OWNER'S INDEBTEDNESS—ACTION ON ASSIGNMENT.

Where contractor assigns indebtedness from owner to materialman, materialman could bring action against owner under Code 1907, § 2489, but would be required to declare on owner's obligation to contractor and not on the instrument of assignment, in view of section 5382, form 11.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by the E. C. Payne Lumber Company against Mary D. Simpson. Judgment for plaintiff, and defendant appeals. Reversed and remanded, and application for rehearing denied.

Tennis Tidwell, of Albany, and Callahan & Harris, of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

BROWN, P. J. The subject-matter of this suit is material furnished by the appellee which was used in the construction of a residence by R. G. Ross under a contract between Ross and W. H. Simpson, now deceased, and the action is against appellee, the widow of Simpson. The complaint consists of the common counts and special counts declaring on a written order drawn by Ross in favor of the plaintiff on the defendant, which is set out in hæc verba in the special counts, as follows:

"Mrs. W. H. Simpson. Please pay to E. C. Payne Lbr. Co., the above amount ($990.92), being the balance due them on material furnished for your house. R. G. Ross."

[1] This paper, not being made payable to "order or bearer," and not being by the averments of the complaint brought within the category of instruments in which such words of negotiability are not essential to its character as a commercial paper, the statutes and rules of law governing and defining the liability of the drawee of bills of exchange are not applicable. Code 1907, § 5075; Whatley v. Muscogee Bank, 197 Ala. 402, 72 South. 1018; Weinstein et al. v. Citizens' Bank, 13 Ala. App. 552, 69 South. 972.

[2-4] The liability of the drawee, therefore, must be determined by the principles of law applicable to ordinary contracts or nonnegotiable obligations, and it is essential to such liability that the defendant by agreement, express or implied, supported by a sufficient consideration, assumed to pay to plaintiff the amount represented by the order. If Ross proceeded with the work after the death of Judge Simpson, under the contract with Simpson, as he had a right to do, Simpson's estate would be liable to him for the balance due under the contract, and in view of the fact that the building was constructed on the lot owned by the defendant and the right of Ross to establish a lien on the building for any unpaid balance, under the provisions of chapter 107 of the Code of 1907, these facts would constitute a sufficient consideration to sustain a promise or undertaking of the defendant to assume the liability of Ross to plaintiff for material furnished in the construction of the building (Maull v. Vaughn, 45 Ala. 134; Bozeman v. Rushing, 51 Ala. 530; Agnew v. Walden, 84 Ala. 502, 4 South. 672), or if the defendant became indebted to Ross on a primary obligation for the completion of the building for an amount equal to or greater than the amount of the order given by Ross to the plaintiff, and defendant accepted the order and agreed to pay it, she would be liable therefor, and subject to be sued by the plaintiff on such order. The fact that "the defendant had in her hands funds liable for said order equal to the full amount of the balance due thereon," or that "defendant agreed she would, if obtained, accept such order," or that "such order or assignment was duly presented to said defendant and demand for payment thereof made," or even that the defendant "accepted" the order, as averred in the special counts, this would not make her liable. To bring the order here declared on within the influence of section 3966 of the Code of 1907, the acceptance of the order must be in writing; and, in the absence of such acceptance, it is necessary to the statement of the cause of action for the plaintiff to show by appropriate averments that the defendant undertook, upon sufficient consideration, to pay the demand represented by said order. Georgia Co. v. Boykin, 137 Ala. 367, 34 South. 1012; Newton v. Brooks, 134 Ala. 269, 32 South. 722. All of the special counts were subject to some of the objections pointed out in the demurrer, and the court erred in overruling the demurrer.

[5] In view of some of the tendencies of the evidence that Price was constituted the general agent of the defendant in supervising the construction of the building after the death of Judge Simpson, and that in gathering the data on which the statements in the letter were based, and writing the letter to Mrs. Simpson, he was acting within the scope of his authority, the court properly admitted the letter in evidence. Attalla Compress & Storage Co. v. Adams, 16 Ala. App. 624, 80 South. 628.

[6] In view of the fact that some of the testimony of the witness E. C. Payne, who was shown to be the president of the plaintiff company, was to the effect that the defendant agreed to pay for the material fur-

nished in the completion of the building, it was competent for the defendant to show that the plaintiff had filed suit against the executor of Judge Simpson. This evidence clearly tended to show that Payne was in doubt as to who was responsible for the price of the material, and tended to discredit his testimony.

[7] The plaintiff was not entitled to recover under any of the counts of the complaint in this case on the theory that the defendant had become indebted to Ross, and that Ross had transferred or assigned such indebtedness to the plaintiff. No such cause of action was stated. If such was the case, and the amount of the indebtedness from the defendant to Ross did not exceed the amount transferred to the plaintiff, or if the defendant consented to the transfer of a portion of such indebtedness, the plaintiff could maintain an action on the assigned obligation of the defendant to Ross (Code 1907, § 2489; 2 R. C. L. p. 636, par. 46; O'Barr v. Turner, 75 South. 271;[1] K. C., M. & B. R. R. Co. v. Whitehead, 109 Ala. 296, 19 South. 432), but would have to declare on the obligation of the defendant to Ross, not on the instrument given by Ross to the plaintiff operating to pass the title of the chose to the plaintiff. Code 1907, § 5382 (form 11).

If the defendant was not liable on some of the theories above indicated, it was essential to her liability that it be shown that the plaintiff furnished the material on her order, or that of her authorized agent, or that it was furnished by the plaintiff on the assumption that the defendant would pay for it, and with knowledge of these facts she allowed it to be used in her building, thereby accepting the benefits from its use.

The defendant was not a party to the contract between Ross and Judge Simpson, and the provisions of the contract, found in article 8 thereof, referring to "the owner," have no reference to the defendant. This term is defined by this clause in the contract:

"This agreement made the second day of November, in the year one thousand nine hundred and fourteen, by R. G. Ross, doing business as general contractor in Decatur, Alabama, party of the first part (hereinafter designated as the contractor) and W. H. Simpson, of New Decatur, party of the second part (hereinafter designated owner)."

Under the evidence, the issues in the case, as formed by the pleadings, were properly submitted to the jury; but, as the issues will probably be different on another trial we deem what is said sufficient to guide the parties and the court in forming the issues and presenting them to the jury.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

17 ALA.APP.—11

## On Rehearing.

The only theory on which the plaintiff could recover under the first and second counts (the common counts) of the complaint is that it sold the material to the defendant on the defendant's order or that of her authorized agent, or that the materials furnished by the plaintiff on the assumption that the defendant would pay for it, and with a knowledge of these facts she permitted its use in her building and accepted the benefits arising therefrom.

If the materials were furnished on the responsibility of the contractor Ross, or were furnished by the plaintiff under an arrangement made between the plaintiff, Judge Simpson, and Ross, the plaintiff, to recover, must do so on one of the theories advanced by the special counts. The evidence touching these several theories of liability is in conflict, and therefore the doctrine of error without injury cannot be applied to the ruling of the court on the demurrers to the special counts.

There is nothing in the original opinion that in any way militates against the contention of appellee that an efficacious acceptance of the order may be effected by parol agreement, but to state a cause of action on such acceptance it is incumbent upon the plaintiff to show a consideration to sustain such acceptance. On the contrary, if the acceptance is in writing and signed by the party sought to be charged, section 3966 of the Code relieves the plaintiff of the burden of averring such consideration, because under the terms of the statute the acceptance, being in writing, imports a consideration. See authorities cited in original opinion. The special counts neither aver that the acceptance is in writing, nor that it was made upon a sufficient consideration, and therefore it is uncertain upon which theory the plaintiff relies, and the ground of demurrer taking the point that these special counts did not aver that the acceptance is in writing, as well as some of the other grounds, were well taken, and should have been sustained.

There is no conflict between the original opinion in this case and the holding in Charlie's Transfer Co. v. Leedy & Co., 9 Ala. App. 652, 64 South. 205, and the authority there cited. The holding in those cases is that the allegations in pleadings not sworn to are not admissible as impeaching evidence, but these cases do not hold that a party sued on an account cannot show that the plaintiff has sued some one else on the same account. In fact, in the case above referred to, the opinion states:

"After the plaintiff had testified that he brought suit against said C. E. Brown for the same accident for which he was suing defendant in this suit and which case was to be subsequently tried, the defendant offered to introduce

in evidence the complaint in plaintiff's suit against said Brown."

While the statements in the pleadings may be the act of counsel, the responsibility of filing a suit cannot be placed upon counsel's shoulders. This is the act of the party.

We adhere to the views expressed in the original opinion, and the application is overruled.

Application overruled.