# Kellar *v.* Jones & Weeden.

### Assumpsit.

(Decided May 11, 1916.  72 South. 89.)

1. **Brokers; Compensation; Services.**—A broker employed to sell land is entitled to his compensation if he brings to the seller a purchaser who is ready, able and willing to purchase on the terms named, or if he brings them together, and a sale is afterwards consummated by the seller himself.

2. **Same.**—Where a broker is working under a special contract stipulating that if the sale was made by the owner, the broker should receive half commission, such broker is entitled to the stipulated commission upon securing a prospective purchaser, and a sale by the owner to such person.

3. **Same.**—Where a broker performed all the services required of him by the owner, and the owner accepts such services, and consummates a sale to the purchaser so that nothing remains to be done except to pay the compensation promised, such broker is entitled to recover such compensation under the common count.

4. **Appeal and Error; Harmless Error; Pleading.**—Where the broker recovered a verdict which was rested upon the common count, any erroneous ruling as to a count on a written contract was without injury.

5. **Brokers; Compensation; Instructions.**—Where the action was based both upon the common count and upon a written contract, and under the evidence a recovery could be had under the common count, charges asserting

14—196

that unless the broker procured from the purchaser a bona fide offer for the land, he could not recover, although intended to apply to the count on the special contract, were properly refused as they would deny a recovery even upon the common count.

6. **Charge of Court; Argumentative.**—Argumentative charges may be properly refused.

7. **Same; Singling Out Evidence.**—Charges which give undue prominence to particular parts of the evidence are refused without error.

8. **Same; Ignoring Evidence.**—Charges which ignore evidence as to material matters in controversy may be refused without error.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Assumpsit by Jones & Weeden against W. M. Keller. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The facts and pleading sufficiently appear. The following charges were refused to defendant:

(8) Unless you are reasonably satisfied from the evidence that plaintiffs procured from Adkins a bona fide offer of $6,000 for defendant's land, plaintiff cannot recover.

(12) I charge you that the allegations in the complaint that plaintiffs secured an offer of $6,000 for defendant's land is a material allegation, and, unless the evidence reasonably satisfies you of the truth of this allegation, plaintiff cannot recover, and your verdict must be for defendant.

DOUGLASS TAYLOR, and CLARENCE L. WATTS, for appellant. LANIER & PRIDE, for appellee.

GARDNER, J.—Suit by appellees against appellant for the recovery of compensation for services rendered as real estate agents in the sale of a farm owned by the appellant. The cause proceeded to trial upon the common counts, for work and labor done, etc., and count 7 as amended, which declared upon a special contract. This latter count shows a written contract, signed by the defendant, giving to the plaintiffs the exclusive agency for the sale of the farm, naming the price, fixing the commission at 5 per cent. and reserving the right to terminate the agency at any time on 30 days' notice in writing, and containing the further stipulation: "If sale is made by W. M. Keller, we agree to allow him a commission of 2½ per cent."

[Kellar v. Jones & Weeden.]

This written contract was dated January 27, 1911. It fixed the lowest cash price at $6,500, and, as we construe its terms, the credit price at $7,000. After setting out the written contract the plaintiffs then proceed to allege in said count that during the existence of said contract they secured an offer of $6,000 for the land and submitted the same to the defendant, giving the name of the prospective purchaser, which offer the defendant refused to accept, but he agreed verbally to personally negotiate with the said prospective purchaser, and further agreed that, if he succeeded in selling to him, he would pay plaintiffs a commission of 2½ per cent. on the sum he might be able to secure. It is then averred that defendant did conduct further negotiations with the said prospective purchaser, and subsequently sold the land to him for the sum of $7,000, without notifying the plaintiffs that their contract of agency was in any way revoked, but, to the contrary, while said contract was in force.

(1, 2) The following quotations from some of our cases are here in point:

"Coming particularly to the rights of real estate brokers, it may be stated as a general proposition that a broker employed to sell land is entitled to his compensation if he brings to the seller a purchaser able, ready, and willing to purchase on the terms named, or if he brings them together and the sale is afterwards consummated by the seller himself. Again, if he introduces a prospective purchaser, and the seller undertakes to conduct the negotiations, and finally sells the property for less than the terms named in the contract, he thereby waives his right to insist on the terms of the contract, in that respect, and is liable at least for a reasonable commission, and the contract may be introduced as a guide for the jury in arriving at what is reasonable compensation.  *  *  *  'The owner of real estate cannot avail himself of the services of an agent employed by him, who procured a purchaser, to effect the sale himself to such purchaser, and thereby deprive the agent of his commissions."—*Smith v. Sharpe*, 162 Ala. 438, 440, 50 South. 383, 136 Am. St. Rep. 52.

And from *Hutto v. Stough & Hornsby*, 157 Ala. 572, 573, 47 South. 1034: "If, as claimed by the plaintiffs, they were interrupted by the request of the defendant to hold the propositions for a few days, until he could ascertain whether he could borrow the money, and during said few days, without terminating the agency, defendant continued the negotiations along the same line,

and concluded the sale even at a less purchase price, the brokers would be entitled to their compensation.   *   *   *   Although it is true that a broker has earned his commissions when he has procured a purchaser who is willing and able to comply with the conditions of sale fixed by the principal, yet, as shown by the foregoing authorities, the broker may be entitled to his commissions, under certain conditions, even though the final proposition was not made through him, and the property was sold by the principal, continuing the negotiations commenced by the broker, at a price less than that at which it was listed.  Both parties must act in good faith."

The seventh count shows the services of the plaintiffs in securing the prospective purchaser and the acceptance of said services and the benefits derived therefrom by the defendant, and a final consummation of the sale by the defendant at his own request, and with the express understanding that he was to pay only a commission of 2½ per cent.  Under the above authorities this count was not subject to any demurrer interposed thereto. See, also, *Handley v. Shaffer*, 177 Ala. 636, 59 South. 286.

(3) Moreover, if the evidence of the plaintiffs was to be credited by the jury, which seems from the verdict rendered to have been the case, they performed all the services required of them by the defendant, which services were accepted by him and the sale consummated, and nothing remained to be done except to make the payment of the compensation promised.  It was therefore open to the jury to find in favor of the plaintiffs under the common counts.—*Smith v. Sharpe, supra;* 40 Cyc. 2832 et seq.

(4) Indeed, upon a consideration of the evidence in the case, the amount of the verdict rendered by the jury would indicate that the verdict was rested upon the common counts, and in this situation even an erroneous ruling as to count 7 would clearly be without injury.

(5) Refused charges 8 and 12 are not restricted to count 7, to which it may be assumed that they were intended to apply, but would deny a recovery upon the ground stated therein even upon the common count.  There was no error in their refusal.

(6-8) The other refused charges may be condemned as argumentative, or as giving undue prominence to particular portions of the evidence.—*Council v. Mayhew*, 172 Ala. 295, 55 South. 314. Moreover, these charges would ignore the evidence for plaintiffs tending to show the services they rendered, the completion of

[Southern Dredging Co. v. Christie.]

their work, and the acceptance of the same, and of the benefits therefrom by the defendant, and their right to recovery under the common count for work and labor done.

The evidence was in sharp conflict, and was properly submitted to the jury for their determination. We see no error in the refusal of the court to give the affirmative charge. We need not discuss the testimony, though it has been most carefully considered.

No reversible error appearing, the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.