(79 South. 154)

STOUT v. THORNHILL.  (8 Div. 500.)

(Court of Appeals of Alabama.  Jan. 15, 1918. Rehearing Denied June 4, 1918.)

1. BROKERS ☞63(1)—PROCURING ABLE AND WILLING PURCHASER—DEFAULT OF PRINCIPAL.

Where a real estate broker, who has been engaged to procure a purchaser for land, in good faith presents a purchaser who is ready, able, and willing to make purchase for price and on terms specified, it is duty of principal to consummate sale, and the broker is entitled to his commission, whether sale is consummated or not.

2. BROKERS ☞57(2)—PROCURING ABLE AND WILLING PURCHASER.

Where a real estate broker, who has been engaged to procure a purchaser for land, in good faith presents a purchaser who is ready, able, and willing to make purchase for price and on terms specified, he is entitled to compensation, if principal accepts purchaser on terms previously proposed, or upon modified terms.

3. BROKERS ☞82(1)—ACTION FOR COMMISSION—PLEADING.

In action for commission, based on failure to consummate sale because of fraud of defendant principal, or consummation of sale on terms other than first proposed, averment showing failure or refusal of defendant to pay broker's commission was essential to state a cause of action.

4. APPEAL AND ERROR ☞1040(11)—OVERRULING DEMURRER—HARMLESS ERROR.

Error in overruling demurrers to special counts was without injury, where under undisputed evidence plaintiff was entitled to recover, if at all, under common counts only.

5. BROKERS ☞85(8)—ACTION FOR COMMISSION—EVIDENCE—ADMISSIBILITY.

In action against principal for commission on sale of realty, letters from prospective purchaser to his attorney, stating that he did not desire to close trade with defendant unless he could acquire an adjoining tract, held irrelevant.

6. BROKERS ☞64(1)—PROCURING ABLE AND WILLING PURCHASER.

If a broker produced a purchaser ready, able, and willing to buy, and so notified his principal, who refused to sell, the broker became entitled to his commission at once, and did not lose his right because prospective purchaser thereafter refused to take land unless he could get adjoining tract.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Action by J. A. Thornhill against L. O. Stout for commissions in the sale of real estate. Judgment for plaintiff, and defendant appeals. Affirmed.

The case stated by plaintiff is that he had a contract with defendant to sell a certain tract of land for him at a named sum, and that plaintiff procured within a reasonable time one J. O. Dorroh, as a purchaser who was able, ready, and willing to buy at such price, and that defendant failed and refused to consummate the trade. Defendant offered letters from Dorroh to Dr. F. L. Chenault, but upon objection of plaintiff the letters were excluded. The following charges were given for plaintiff:

(8) If the jury believe from the evidence that there was a contracted agency between Stout and Thornhill, and if the agency was executed by Thornhill's production of an able, willing, and ready purchaser, and by so notifying Stout, and if Stout, by any flat refusal then to sell, breached his contract with Thornhill, then Thornhill became entitled to commission at once; and if afterwards the prospective purchaser refused to take the Stout lands unless he could get other land along with it, he did not lose his right to commission.

(10) Dorroh's demand for the other land before he would take Stout's land would be no defense to Stout for any previous refusal to sell on terms previously agreed on, and when Dorroh was making no such demand.

(11) If Stout agreed, through Thornhill, to sell to Dorroh, then Stout was obligated on any demand of Dorroh for performance to clear the record of any mortgage apparently incumbering said land, and if he refused to do so, your verdict must be for plaintiff.

(12) If Stout sold to Irwin on any express or implied understanding that such sale was to enable Irwin to deed the land to Dorroh on the same terms as Stout had previously given to Thornhill, and if this arrangement was carried out, and if Thornhill introduced Dorroh originally as intending purchaser, your verdict must be for plaintiff.

(13) Where one party to a contract expressly announces that he will not abide by the contract, that gives the other party the right then to sue.

(16) If terms were agreed on for the land among all the parties, and if, without any time limit agreed on, Thornhill told Stout that Stout's terms would be complied with, and if Stout then declared he would not let Dorroh have the land, your verdict should be for plaintiff, even though Dorroh may have afterwards refused to take Stout's land unless he could get adjoining land.

G. O. Chenault, of Albany, for appellant. E. W. Godbey, of Decatur, for appellee.

BROWN, P. J. The plaintiff's right to recover for his services as a broker in procuring a purchaser for the defendant's lands, in pursuance to a contract between the plaintiff and the defendant, is in no way dependent upon a consummation of such sale, or the failure of such consummation resulting from the conduct of the defendant.

[1, 2] When a real estate broker, who has been engaged to procure a purchaser for certain real estate on certain terms, in good faith presents a purchaser who is ready, able, and willing to make the purchase for the price and on the terms specified, it is the

16 ALA.APP.—31

duty of the principal to accept the purchaser and consummate the sale. Birmingham L. & L. Co. v. Thompson, 86 Ala. 146, 5 South. 473; Handley v. Shaffer, 177 Ala. 636, 59 South. 286; Bailey v. Padgett, 195 Ala. 203, 70 South. 637. In such case the broker is entitled to his compensation, whether the sale is consummated or not, and is likewise entitled to his compensation if the principal accepts the purchaser on terms previously proposed, "or upon modified terms then agreed upon, and a valid contract is entered into between the principal and the person presented by the broker." Birmingham L. & L. Co. v. Thompson, supra.

[3] While the failure to consummate the sale because of the fault of the principal, or its consummation on terms other than first proposed through the broker, may be incidentally or collaterally involved in the issues, the breach of the contract essential to the broker's right to recover is with respect to the obligation to pay the broker compensation, and an averment showing the failure or refusal of the defendant to pay the compensation is essential to the stating of a cause of action in a special count declaring on such contract. No such averment appears in the several special counts of the complaint brought in question by the demurrers.

[4] The application of the principles stated above shows that the trial court erred in overruling the demurrers to the several special counts. This error, however, was without injury, as under the undisputed evidence, if the plaintiff was entitled to recover at all, he was entitled to recover under the common counts. Barnes v. Marshall, 193 Ala. 94, 69 South. 437; Kellar v. Jones & Weedon, 196 Ala. 417, 72 South. 90.

[5] The letters from Dorroh to his attorney and his agent, indicating that he did not desire to close the trade with Stout unless he could acquire the Nelson tract, were, in the absence of evidence showing or tending to show that the Nelson tract was not available, not relevant to the issues. No such evidence was offered, and the rulings of the court on the objections to these letters were free from error.

[6] The exceptions to the oral charge of the court cannot be sustained. Chapman v. Lee, Adm'r, 55 Ala. 616. Charge 8, given at the request of the plaintiff, asserts a correct proposition of law. Richardson v. Olanthe Milling & Elev. Co., 167 Ala. 411, 52 South. 659, 140 Am. St. Rep. 45.

Charges 10, 11, 12, 13, and 16, as applied to some phases of the evidence, assert correct propositions of law, and were properly given.

This disposes of all matters insisted upon in brief of counsel. There being no reversible error in the record, the judgment is affirmed.

Affirmed.