(85 South. 9)

Ex parte E. C. PAYNE LUMBER CO.
(8 Div. 201.)

(Supreme Court of Alabama. Jan. 1, 1920.)

1. BILLS AND NOTES ☞151—ORDERS TO PAY NOT NEGOTIABLE INSTRUMENTS; "BILL OF EXCHANGE OR OTHER NEGOTIABLE INSTRUMENT."

Written orders to an individual requesting her to pay a lumber company $325 for materials, etc., held not bills of exchange or other negotiable instruments within uniform negotiable instruments law (Code 1907, §§ 4958–5149), being governed by common-law principles.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Exchange.]

2. TRIAL ☞145—CHARGES REQUIRING FINDING "FOR DEFENDANT" PROPERLY REFUSED AS DEFECTIVE IN FORM.

In an action on orders on defendant to pay money to plaintiff, special charges requiring a finding "for defendant" under counts 1, 2, 6, 7, and 9 held properly refused for defect in form.

3. APPEAL AND ERROR ☞232(1½)—IN ABSENCE OF DEMURRER, QUESTION NOT RAISED OR RESERVED FOR REVIEW.

In absence of ground of demurrer specifying, as required by Code 1907, § 5340, the objection that the consideration for defendant's obligation was not averred, no such question was raised on trial or reserved for review on appeal.

4. BILLS AND NOTES ☞69 — ACCEPTANCE OF NONNEGOTIABLE ORDER NEED NOT BE IN WRITING.

In absence of statute requiring written acceptance, valid parol acceptance of order for money or other property may be effected, Code 1907, § 3966, not changing the rule as to instruments not subject to commercial law, and plaintiff need not so aver.

5. FRAUDS, STATUTE OF ☞152(2) — STATUTE MUST BE PLEADED.

The statute of frauds, to be available as a defense, must be pleaded; for otherwise it is waived.

6. WITNESSES ☞370(3)—PENDENCY OF OTHER ACTION INADMISSIBLE ON CREDIBILITY OF PLAINTIFF'S PRESIDENT.

In action on orders on defendant to pay plaintiff money, fact that another suit was pending on the same demand against defendant as her husband's executrix held inadmissible to affect credibility of plaintiff's president.

7. EVIDENCE ☞208(3)—COMPLAINT IN PRIOR ACTION ON SAME DEMAND PROPERLY EXCLUDED.

In action on orders on defendant to pay plaintiff money, the trial court cannot be put in

---

error for excluding, on plaintiff's objection, its complaint in prior action on same demand against defendant as her husband's executrix.

Certiorari to Court of Appeals.

Petition by the E. C. Payne Lumber Company for certiorari to the Court of Appeals to review and revise the judgment of said court rendered in the case of Mary Simpson v. E. C. Payne Lumber Co., 82 South. 649. Writ granted.

Counts 1 and 2 as amended are as follows:

(1) "Plaintiff claims of the defendant the sum of $621.50 due from her on, to wit, August 1st, 1915, for merchandise, goods and chattels sold and delivered to her, to wit, lumber, building material, etc., in the year 1915."

Count 2 claims for an account due.

The orders referred to are as follows:

In count 3: "To Mrs. W. H. Simpson: Please pay to E. C. Payne Lumber Company $325 for materials furnished for your garage. R. G. Ross."

In count 4: "Mrs. W. H. Simpson: Please pay to E. C. Payne Lumber Company the sum of $990.92, being the balance due them on materials furnished for your house. R. G. Ross."

In count 5: "Mrs. W. H. Simpson: Please pay to the E. C. Payne Lumber Company $216.42 and charge to me on contract."

Count 6 claims under an order drawn by Ross by her consent and presented to Mrs. Simpson, to wit, June 5, 1916, and by her retained, which order was in words and figures as follows: (Order set out in count 4 above.)

Count 7 is based on the order set out in count 5 above.

Count 9 claims on an assignment in the form of an order drawn by one Ross (order set out in count 5 above), which was alleged to have been duly presented and demand made for payment thereon.

The other facts sufficiently appear from the opinion of the court.

E. W. Godbey, of Decatur, for appellant. The writ should be granted on the following authorities: 86 Ala. 490, 5 South. 867; 66 South. 882; 183 Ala. 237, 62 South. 889; 16 Ala. App. 480, 79 South. 155; 167 Ala. 344, 52 South. 419; 66 South. 880.

Callahan & Harris, of Decatur, for appellee. No brief reached the Reporter.

McCLELLAN, J. [1] The opinion of the Court of Appeals in this litigation appears as Simpson v. Payne Lumber Co., 82 South. 649–652. The written orders given the lumber company by Ross on Mrs. Simpson, set out in counts 6, 7, 8, and 9 of the amended complaint, were not bills of exchange or other character of instrument falling within the

purview of the Uniform Negotiable Instruments Law (Code 1907, c. 115, vol. 2), and hence such rights as they created or such obligation as they imposed were not determinable by reference to the law governing negotiable instruments. See Code, § 5075. Common-law principles, apart from the law merchant, must be accorded consideration and appropriate effect.

[2, 3] Counts 1 and 2, as amended, were the common counts, the former claiming for goods, etc., sold and delivered to defendant, and the latter declaring on an unpaid account. Demurrer to counts 6 to 9, inclusive, of the amended complaint was overruled. The judgment entry recites, however, that issue was joined on counts 1, 2, 7, 8, and 9, omitting to list count 6, to which demurrer had been overruled. This omission may have resulted from oversight. Defendant's special charges 3 to 7, inclusive, each required, respectively, a finding "for defendant" under counts 1, 2, 6, 7, and 9. The court was justified in refusing them because of their fault in respect of form. City of Birmingham v. Poole, 169 Ala. 177, 180, 52 South. 937, among many others. Since there was no ground of demurrer specifying as our statute (Code, § 5340) requires, the objection that the consideration for defendant's obligation was not averred, no question or inquiry of that kind was raised for decision on the trial nor reserved for review on appeal.

[4, 5] In the absence of statute requiring an acceptance in writing, a valid parol acceptance of an "order" for money or other property may be legally effected. Auerbach v. Pritchett, 58 Ala. 451, 456, 457; Whilden v. Merchants', etc., Bank, 64 Ala. 1, 28, 29, 38 Am. Rep. 1; 7 Cyc. pp. 763, 764. See, also, Ehricks v. De Mill, 75 N. Y. 370. Code § 3966, was not designed to change the rule with respect to instruments not subject to the commercial law. There is no statute of which this court is aware requiring acceptance of instruments (orders) not within the purview of the Negotiable Instruments Law to be in writing. In declaring on such instruments (orders) the plaintiff is not required to aver that the acceptance was in writing. Whilden v. Merchants', etc., Bank, 64 Ala. 1, 29, 38 Am. Rep. 1. The statute of frauds affords defensive matter in cases within its operation, and to be available must be pleaded, and, unless pleaded, is waived. Espalla v. Wilson, 86 Ala. 488, 491, 5 South. 867; Hunt v. Johnson, 96 Ala. 130, 131, 132, 11 South. 387. It was not pleaded in this case. There being a common count in the complaint, the Court of Appeals should, in any event, consider the applicability of the doctrine of Espalla v. Wilson, 86 Ala. 490, 5 South. 867, and Kellar v. Jones, 196 Ala. 417, 72 South. 89; in the former it being held that in the circumstances therein defined rulings on demurrer to special counts were without

prejudice to the defendant (appellant). The decision of that question in this court is pretermitted at this time.

[6, 7] The mere fact that another suit had been instituted and was pending against this appellant "as executrix of the last will and testament of W. H. Simpson, deceased," for the "same sum" for which the appellant is presently sued in her individual capacity, was inadmissible to affect the credibility of appellee's president (Payne) in the premises, there being no evidence or offer to adduce evidence tending, in any degree, to bring the contents of the complaint in that action within the rule of Callen v. McDaniel, 72 Ala. 96, 103, 104, and to exclude the implication that the allegations of the complaint in that other action, as well as the fact that that action was commenced, were attributable to the "suggestions of counsel," rather than that those averments and the institution of that other action were solemn, deliberate asseverations on the part of the plaintiff, the lumber company, within the doctrine of Callen v. McDaniel. The trial court cannot be put in error for sustaining the plaintiff's objection to the admission of the complaint in such other action. The rule of Callen v. McDaniel, supra, was correctly observed in Charlie's Transfer Co. v. Leedy, 9 Ala. App. 652, 658, 64 South. 205.

The petition for the writ is granted. The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for further consideration in accordance with the principles recognized in the foregoing opinion.

Writ granted.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

GARDNER, J., concurs in the conclusion.

BROWN, J., not sitting.