(85 South. 573)

MORRISON v. JACKSON. (6 Div. 650.)

(Court of Appeals of Alabama. Jan. 20, 1920.)

1. BROKERS ⬩49(1)—ENTITLED TO COMPENSATION FOR PROCURING ACCEPTABLE LAND FOR EXCHANGE.

Broker who pursuant to contract procures a party ready, willing, and able to exchange lands acceptable to principal for principal's land is entitled to compensation.

2. BROKERS ⬩49(1)—NOT ENTITLED TO COMPENSATION FOR FINDING PARTY TO EXCHANGE, WHERE LAND PROCURED NOT ACCEPTABLE.

Broker employed to procure a party willing to exchange land acceptable to both husband and wife for husband's property was not entitled to compensation for procuring party

with land acceptable to husband, on husband's execution of contract with such party in which wife's name appeared as one of the contracting parties, where wife did not declare herself satisfied with the land and did not agree to the contract.

3. BROKERS ⊙⊸69—COMPENSATION REASONABLE VALUE OF SERVICES IN ABSENCE OF AGREEMENT.

Where no price is agreed upon between the seller of real estate and his broker, who is engaged to exchange his property for other property as basis of value, and no compensation for services is agreed upon, the measure of recovery in broker's action for compensation will be the reasonable value of the services rendered as shown by ordinary and customary charges for like services in the community.

4. BROKERS ⊙⊸85(10), 86(8) — VALUE OF PROPERTY EXCHANGED COMPETENT, BUT NOT CONTROLLING, ON QUESTION OF REASONABLE VALUE OF SERVICES.

Where amount of broker's compensation for services in effecting an exchange of land is not agreed on, the fair market value of the property exchanged, or offered for exchange, would be competent and relevant, but not necessarily controlling on the question of the reasonable value of the services rendered.

5. BROKERS ⊙⊸79—CAN RECOVER REASONABLE VALUE OF SERVICES UNDER COMMON COUNTS.·

Broker entitled to the reasonable value of services rendered can recover under the common counts.

6. BROKERS ⊙⊸54—COMPENSATION DEPENDENT ON PROCURING PARTY READY, ABLE, AND WILLING TO CONSUMMATE TRANSACTION.

Broker engaged to exchange principal's land for land acceptable to principal is not entitled to compensation until the party procured by him is ready, able, and willing to consummate the transaction in accordance with the terms made by the principal.

7. EVIDENCE ⊙⊸442(1) — PAROL EVIDENCE ADMISSIBLE WHERE CONTRACT IS PARTLY IN PAROL.

Where a contract is partly written and partly parol, parol evidence is admissible to show what the contract really is.

8. EVIDENCE ⊙⊸445(1)—MODIFICATION OF EXECUTORY CONTRACT MAY BE SHOWN BY PAROL.

Where written executory contract is modified, the modification may be shown by parol.

9. BROKERS ⊙⊸65(4) — MAY ACT FOR PURCHASER IN ANY WAY NOT INCONSISTENT WITH DUTY TO PRINCIPAL.

A broker contracting to procure a purchaser for another to sell land to, or exchange land with, may act for the purchaser in any way not inconsistent with his duty to his principal.

10. TRIAL ⊙⊸252(16) — ABSTRACT INSTRUCTION THAT BROKER COULD NOT ACT FOR BOTH PARTIES WAS IMPROPER.

In a broker's action for compensation, instruction that broker could not act for both

buyer and seller in the same transaction held improper, where there was no evidence that broker acted for the purchaser or took compensation from him; such instruction being abstract.

11. EVIDENCE ⊙⊸471(4)—WITNESS NOT PERMITTED TO GIVE REASONS. WHY HE SIGNED PAPER PLACING VALUATION ON PROPERTY CLAIMED TO BE INCORRECT.

It was improper to permit witness who testified to value of certain property to give reasons why he had signed a paper fixing another valuation, since if the paper did not state the true valuation the witness could so testify, and state facts concerning the value fixed, permitting the jury to draw the conclusions.

12. BROKERS ⊙⊸88(13) — INSTRUCTION THAT BROKER COULD NOT RECOVER EXPENSES HELD MISLEADING.

In broker's action for compensation for procuring party to land exchange transaction, instruction that broker could not recover railroad fare spent on trip to show the property to be exchanged to defendant held misleading.

13. APPEAL AND ERROR ⊙⊸1064(1)—MISLEADING INSTRUCTION HELD NOT GROUND FOR REVERSAL.

In broker's action for compensation for procuring party to exchange contract, the granting of misleading instruction that broker could not recover expenses in showing property to principal held not reversible error on appeal from judgment for principal.

14. BROKERS ⊙⊸88(10)—INSTRUCTION AS TO PROCURING CAUSE HELD MISLEADING.

In broker's action for compensation, instruction as to broker being the procuring cause held misleading, and therefore properly refused.

15. BROKERS ⊙⊸88(7)—REQUESTED INSTRUCTION HELD PROPERLY REFUSED AS MISLEADING.

In broker's action for compensation, broker's requested instruction, submitting the issue of the case, held properly refused as misleading.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Norman Morrison against Dr. L. F. Jackson to recover an amount of money as compensation for effecting the exchange of certain lands. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

The following charges are noted as having been refused to the plaintiff:

(3) If you are reasonably satisfied on the evidence that the plaintiff procured a person, who was the owner of a farm and who was ready, able and willing to exchange said farm for certain property of the defendant, described in the written agreement introduced in evidence, under certain terms and conditions, and that the defendant, Jackson, accepted such person or owner of such farm, and accepted the terms and conditions of the agreement with ref-

erence to the exchange of such farm or certain property belonging to the defendant, Jackson, and that the defendant, Jackson, signified his acceptance by signing his name to such contract or agreement, and that such contract or agreement was binding upon the owner of such farm, the verdict must be for the plaintiff.

(4) If plaintiff was the efficient cause, in the procuring of the execution of the written contract or agreement introduced in evidence and signed by L. F. Jackson, and that the terms and conditions thereof were acceptable to the said L. F. Jackson, and that he signified his acceptance by signing such agreement or contract, your verdict must be for the plaintiff.

(7) The court charges the jury in explanations of charges given at the request of the defendant that there is no evidence in this case; that the plaintiff Morrison was representing S. F. Ewing or J. Ewing, or either of them, in the real estate negotiations testified by.

The following charges are noted as having been given for the defendant:

(1) If you are reasonably satisfied from the evidence that it was agreed between plaintiff and defendant that the defendant's wife was to agree to the terms of the trade, and that she did not agree thereto, I charge you that no commissions would be allowed, and that your verdict must be for the defendant.

(13) I charge you that you cannot find for the plaintiff if you are reasonably satisfied from the evidence that one of the terms of said trade was that defendant's wife would have to be consulted and agree thereto, if you are further satisfied from the evidence that she was consulted and refused to give her consent to the proposed trade or transaction with reference to the Ewing property.

(19) I charge you that you cannot find a verdict for the plaintiff if you are reasonably satisfied from the evidence that it was agreed between the plaintiff and the defendant that the defendant's wife was to be a party to the contract made with reference to the said Ewing property, that she was to be consulted and assent to the terms thereof, if you are further reasonably satisfied from the evidence that she was consulted and refused to consent to the proposed trade.

(10) I charge you that if you believe the evidence, plaintiff cannot recover any railroad fare spent by him on any trip to show the Ewing property to the defendant.

(15) I charge you that under the law of this state a person cannot act as agent for both the buyer and the seller in the same transaction, and that Norman Morrison would not be entitled to commissions or other compensations in this case, if you are reasonably satisfied from the evidence that he so acted.

(16) I charge you, gentlemen of the jury, that you must find for the defendant if you are reasonably satisfied from the evidence that Norman Morrison was acting as agent for both Mr. Ewing and Dr. Jackson in the transaction out of which this suit originated.

Leader & Ewing, of Birmingham, for appellant.

The plaintiff was entitled to a directed verdict. 86 Ala. 151, 5 South. 157; 79 South.

154; 177 Ala. 636, 59 South. 286; 195 Ala. 203, 70 South. 637; 201 Ala. 559, 78 South. 955; 19 Cyc. 247, 249, 250, 255. On these authorities, counsel insist that the charges given for defendant and refused plaintiff were error to reversal.

Graham Perdue, of Birmingham, for appellee.

The plaintiff was not entitled to a directed verdict. 135 Ala. 537, 33 South. 332; 124 Ala. 470, 27 South. 259; 134 Ala. 242, 32 South. 684. Parol evidence was admissible in interpretation of the agreement. 89 Ala. 262, 7 South. 115; 73 Ala. 426; 86 Ala. 151, 5 South. 157; 137 Ala. 440, 34 South. 988; 179 Ala. 505, 60 South. 298. Counsel discusses other assignments of error, but without citation of authority.

SAMFORD, J. [1, 2] The action was based on a claim for services rendered by the plaintiff for the defendant at his request in procuring a purchaser for certain real estate belonging to defendant, who was then and there ready, willing, and able to comply with the terms of sale agreed upon between plaintiff and defendant, the consideration being the conveyance of certain farm lands, in exchange for defendant's property. The plaintiff contends, and his evidence tends to establish the facts, that defendant employed plaintiff to procure for defendant a party ready, willing, and able to exchange farm lands, acceptable to defendant, in exchange for city property owned by defendant; that he did procure such person; that defendant was tendered farm land acceptable to him and that defendant refused to consummate the transaction, and refused to pay to plaintiff the reasonable value of his services. If the foregoing is true, the plaintiff is entitled to a recovery, for the reasonable value of the services rendered. Stout v. Thornhill, 16 Ala. App. 480, 79 South. 154. But the defendant, on the other hand, contends, and the defendant's evidence tends to support the contention, that the agreement as finally modified was that plaintiff should procure, in exchange for defendant's property, farm lands acceptable to defendant and to defendant's wife, and that defendant's wife was to be a party to the contract. It is admitted that defendant's wife never executed the contract, which was drawn up to close the transaction, and in which her name appeared as one of the contracting parties, and it is also conceded that the wife never accepted the farm land as satisfactory to her, or agreed to the contract. If the above are the true facts, then the minds of the defendant and the party owning the farm lands offered for exchange had never been brought together, and the plaintiff would not be entitled to recover. Parties have a right, within certain limitations, to make any contract they see

fit, and if one of the conditions of a contract for the sale or exchange of property is that the wife of one of the parties shall concur, and the wife does not concur, it is no contract, and no rights are acquired under it. The rule is clearly stated by Somerville, J., in Sayre v. Wilson, 86 Ala. 151, 5 South. 157:

"A broker who is employed to sell property on commission earns his compensation when he has been the official agent in procuring a satisfactory purchaser who is able, ready, and willing to buy the property, on the terms fixed by the owner."

In this case the plaintiff affirms that the terms fixed by the owner were one thing, and that he procured a purchaser in accordance therewith, while the defendant affirms that the terms fixed were different, and that they were not complied with. This under the evidence was a question for the jury, and the court did not err in refusing to give the general charge as requested by the plaintiff.

[3, 4] Where no price is agreed upon between the seller of real estate and his broker, who is engaged to exchange the property for other property, as a basis of value, and no compensation for services is agreed upon, the measure of recovery would be the reasonable value of the services rendered as shown by ordinary and customary charges for like services in the community (Sayre v. Wilson, supra), and as a basis for this the fair market value of the property exchanged, or offered for exchange, would be competent and relevant testimony, but not necessarily controlling.

[5] If the plaintiff's contentions are true and he had performed the services for which he was employed, a recovery could be had under the common counts. This proposition has long been settled in Alabama.

[6] The principles announced in the third and tenth headnotes in Handley et al. v. Shaffer, 177 Ala. 636, 59 South. 286, are not applicable to the instant case. Whatever may have been the terms of the original agreement between plaintiff and defendant, when defendant's property was listed, the final modified agreement with reference to the specific property embraced in this transaction was, according to defendant's evidence, that, before the contract should become binding on defendant, it should be signed by defendant's wife, and that the farm land offered for exchange should be acceptable to her. The employment of plaintiff being merely to procure a purchaser, whose offering should be acceptable to defendant's wife, no compensation can be recovered by plaintiff unless the purchaser was accepted by defendant on defendant's own terms. Handley v. Shaffer, 177 Ala. 651, 59 South. 286. And the requirement that the wife, who had an interest in the property, was to be satisfied and to join in the contract was not capricious. In other words, the plaintiff was not the agent of the defendant in the consummation of the sale or exchange of the property, but was merely to procure a party ready, able, and willing to trade with defendant, upon defendant's terms, and in the trading the defendant was to act for himself, and hence the relations of the parties are not within the influence of the principles announced in Clay v. Cummins, 201 Ala. 34, 77 South. 328; nor would the plaintiff be entitled to compensation until the party procured by him was ready, able, and willing to consummate the transaction, in accordance with the terms made by the defendant.

[7, 8] The contract between plaintiff and defendant was not in writing, but was partly written and partly parol. Where this is the case parol evidence is admissible to show what the contract really was, and even where an executory contract is in writing and is modified, the modification may be shown by parol.

[9, 10] The giving of charge 15 at the request of the defendant was error for two reasons: In the first place the statement of the rule is too broad. A broker contracting to procure a purchaser for another to sell land to or exchange land with may act for the purchaser in any way not inconsistent with his duty to his principal. Smith v. Sharp Real Estate Co., 200 Ala. 666, 77 South. 40. In the second place the charge is abstract. There is no evidence in this record that would warrant the jury in finding that the plaintiff acted for the purchaser or took compensation from him.

Charge No. 16, given at the request of defendant, was abstract, and should not have been given. There was no evidence to warrant the jury in finding that plaintiff acted as the agent of both parties in consummating the transaction, and, besides, the evidence shows that if plaintiff was employed at all, or was entitled to compensation, it was not as agent of defendant in making the sale and closing the deal, but for procuring a party with whom defendant was to trade. And the same applies to charge 18, given at defendant's instance.

Charges 1, 13, and 19, as requested by defendant, are in line with the foregoing principles, and were properly given.

[11] It was error for the court to allow the defendant testifying as a witness to give his reasons as to why he had signed a paper fixing the valuation of the property in question. If it was not the true value, he could so testify and state the facts concerning the value fixed in the paper. The jury could then form the conclusions, but not the witness. It may be imagined by some people that good trading requires the deliberate misstatement of values of property offered for sale, but where a man deliberately makes a statement in writing out of court, and then in court

swears to a different statement, an honest jury might consider that fact in weighing his testimony in a case involving self-interest.

[12, 13] Charge No. 10 given at the request of defendant was misleading, and should not have been given, but this in itself would not constitute reversible error.

[14] Charge 4 refused to plaintiff is misleading, and was properly refused.

[15] Charge 3 refused to plaintiff is misleading, and properly refused.

Charge 7 as requested by plaintiff should have been given, and its refusal was error.

We think it unnecessary to specifically pass upon the other questions presented in this record, as the foregoing opinion set forth the rights of the respective parties under the evidence.

For the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.