(87 South. 876)

## Ex parte E. C. PAYNE LUMBER CO.

## SIMPSON v. E. C. PAYNE LUMBER CO.

### (8 Div. 308.)

(Supreme Court of Alabama. Jan. 27, 1921.)

1. **Certiorari ⬳68—Questions of harmless error involving inquiry into facts not considered.**

Whether the overruling of demurrers to special counts should be regarded as harmless on the theory that the evidence conclusively showed that plaintiff was entitled to recover on the common counts or on the theory that the verdict should be referred to the common counts, though the evidence was in conflict, involves an inquiry of fact which the Supreme Court will not make on certiorari to review a judgment of the Court of Appeals.

2. **Bills and notes ⬳69—Nonnegotiable order may be accepted by parol.**

There may be a binding parol acceptance of a nonnegotiable order for the payment of money.

3. **Certiorari ⬳69—Ruling that question as to sufficiency of count was not raised held tantamount to ruling that demurrer was properly overruled.**

The ruling of the Supreme Court on certiorari to review a judgment of the Court of Appeals that no question as to the failure of a count to allege a valuable consideration for defendant's acceptance of a nonnegotiable order was raised because the demurrer contained no objection that the consideration was not averred was tantamount to a decision that the overruling of the demurrer was free from error.

**4. Certiorari ⬤⇒66—Presumed that Court of Appeals considered only grounds of demurrer argued.**

On certiorari to review a judgment of the Court of Appeals, it may be presumed that the Court of Appeals considered only such grounds of demurrer as were argued in appellant's briefs.

**5. Assignments ⬤⇒50(1)—Order by contractor on employer held not drawn on general credit, and hence a legal assignment.**

An order, drawn by a contractor on his employer for the payment of a specified amount to the payee, "being the balance due them on material furnished for your house," was drawn on a particular fund, and not on the contractor's general credit, and hence amounted to an assignment enforceable at law, and not merely to an equitable assignment.

**6. Certiorari ⬤⇒69—Decision of Supreme Court is law of the case, and must be followed by Court of Appeals.**

The decision of the Supreme Court on certiorari to review a judgment of the Court of Appeals that the complaint in another action was admissible to discredit the testimony of a witness was the law of the case for the Court of Appeals, and it had no choice but to follow the opinion and mandate of the Supreme Court.

Certiorari to Court of Appeals.

Petition by the E. C. Payne Lumber Company for certiorari to the Court of Appeals to review and revise the judgment of said court rendered on the appeal in an action by E. C. Payne Lumber Co. against Mary D. Simpson, 87 South. 876.[1] Writ granted, and cause reversed and remanded with directions.

The following are the counts of the complaint referred to in the opinion:

Plaintiff claims of defendant the further sum of $990.92 due from her by one order drawn by R. G. Ross on defendant by the name of Mrs. W. H. Simpson, as follows, viz.: "Mrs. W. H. Simpson: Please pay E. C. Payne Lbr. Co. the above amt. $990.92, being balance due them on material furnished for your house. R. G. Ross."—which order the defendant accepted, and which is now due and unpaid, less a credit of $400.

Count 8. Plaintiff claims of defendant the further sum of $990.92 drawn on her by one R. G. Ross, by previous agreement of all parties, which order defendant agreed she would, if obtained, accept, and which he did procure and present to defendant. Said instrument was in words and figures as follows, viz.: "Mrs. W. H. Simpson: Please pay E. C. Payne Lbr. Co. the above amt. $990.92 being the balance due them on the material furnished for your house. R. G. Ross"—which sum of money with interest thereon is now due.

Count 9. Plaintiff claims of defendant the like sum of $990.92 due from her by an assignment in the form of an order by one R. G. Ross, to whom she was indebted for building a house belonging to the defendant, or which she was engaged in finishing completing, she being at the date of the order due on the building of said house an amount equal to said order, which was in words and figures as follows: "Mrs. W. H. Simpson: Please pay E. C. Payne Lbr. Co. the above amt. $990.92 being the balance due them on material furnished for your house. R. G. Ross."

Said order or assignment was duly presented to said defendant, and demand for payment made before this suit commenced, and plaintiff avers that the only liability that defendant was under with respect to said Ross was for the building of said house, on which fund all parties understood said order to be drawn.

E. W. Godbey, of Decatur, for petitioner.

The appellate court erred in holding that the suit against the executrix was admissible, contrary to the ruling of the Supreme Court. 203 Ala. 668, 85 South. 9; 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; 178 Ala. 472, 59 South. 462. Court erred in holding count 7 subject to demurrer. 64 Ala. 28, 38 Am. Rep. 1; 118 Ala. 572, 23 South. 798; 18 Wis. 196, 86 Am. Dec. 759; 5 Wheat. 277, 5 L. Ed. 87; 98 Fed. 701, 39 C. C. A. 241; 165 U. S. 645, 17 Sup. Ct. 439, 41 L. Ed. 855; 12 Cal. 92, 73 Am. Dec. 523; 58 Mich. 5, 38 Am. Rep. 311; 86 Ala. 490, 5 South. 867; 196 Ala. 417, 72 South. 89. On these authorities the court was in error in holding counts 8 and 9 were subject to demurrer.

Tennis Tidwell, of Albany, and Callahan Harris, of Decatur, for respondent.

The contentions made by petitioner are fully answered by the opinion of the Court of Appeals, as well as the following authorities: 8 Port. 268, 33 Am. Dec. 289; 3 Ala. 585, 37 Am. Dec. 714; 49 Ala. 281; 64 Ala. 28, 38 Am. Rep. 1. The mere drawing, delivery, and presenting did not constitute an assignment, and therefore no liability was fixed on the defendant. 5 C. J. 916; 70 N. Y. 279; 56 N. J. Eq. 187, 38 Atl. 955; 151 Mass. 383, 24 N. E. 210, 21 Am. St. Rep. 456.

SAYRE, J. This is the second application for the writ of certiorari in this cause. The opinion of this court on the first application is reported in 203 Ala. 668, 85 South. 9. The last opinion of the Court of Appeals is still in manuscript.[1]

[1] First as to the rulings on the demurrer to the several special counts of the complaint: Whether the doctrine of error without injury, as demonstrated in Espalla v. Wilson, 86 Ala. 490, 5 South. 867, and Kellar v. Jones, 196 Ala. 417, 72 South. 89, should be applied in this cause, that is, whether the evidence showed conclusively that plaintiff was entitled to recover on the common counts, as in the first-named case, or whether the evidence, though in conflict, and the verdict were such that the latter should be referred to the common counts, as in the last-named case—these questions involve an inquiry of fact such as this court has fre-

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1 17 Ala. App. 665.        1 Opinion withdrawn, and not to be published.

quently refused to make on applications to review the Court of Appeals. This leaves us under the necessity of considering the demurrer to special counts 7, 8, and 9, all of which counts have been held by the Court of Appeals to be "subject to some of the objections pointed out in the demurrer." In the trial court the demurrer to those counts was overruled.

[2, 3] In 'the Court of Appeals it was held that—

"The ground of demurrer, taking the point that these special counts did not aver that the acceptance [on which one of these counts declares] is in writing, as well as some of the other grounds, were well taken, and should have been sustained."

The argument indulged by the court shows its opinion to be that the counts, in the absence of an allegation that defendant's acceptance was supported by a valuable consideration, should have alleged that the acceptance was in writing. But this court held on the former application that there may be a binding parol acceptance of an order for the payment of money, and called attention to the fact that the demurrer contained no objection that the consideration for defendant's obligation was not averred, and therefore ruled that no question of that kind had been raised for decision. This was tantamount to a decision that the ruling on this point by the trial court was free from error, and disposes of all questions as to count 7 of the complaint, for the sole objection taken to 'that count was that—

"Said count does not show that defendant's acceptance was in writing."

[4] We are not informed what other grounds of demurrer the Court of Appeals thought should have been sustained. We may presume, however, that the court considered only such grounds of demurrer as were argued in appellant's brief. Against count 8 it was urged that the count was bad for the reason that a mere verbal promise to accept a bill, not yet drawn, will not in law amount to an acceptance. But on the former application for review it was ruled that the count was not demurrable on that ground.

[5] Count 9 proceeded upon the theory that the order alleged therein constituted an assignment to plaintiff of the amount therein described, and was at the time of the assignment due from defendant to Ross, plaintiff's assignor. The objection urged was that the order was drawn on the general credit of Ross, and not against any particular fund, and so, that it amounted to an equitable assignment, if anything, not enforceable in an action at law. The language of the counts refutes the demurrer.

As appears from the judgment rendered in the trial court, issue was not joined on count 6, a special count, and it may therefore be said that no harm was done by the ruling on demurrer, even if erroneous; but our judgment is that the count, like count 9, should be sustained as a count upon an assignment of the fund in the hands of defendant.

It follows that there was no error in the trial court's rulings on the demurrer to the special counts of the complaint.

[6] On the former application this court held that the trial court could not be put in error for sustaining the plaintiff's objection to the admission of the complaint in another action plaintiff had brought against the defendant, not personally as here, but in her capacity as executrix of the last will and testament of W. H. Simpson, deceased, such complaint having been offered to discredit the testimony of plaintiff's president, who testified as a witness for plaintiff on the trial of this cause. That decision was the law of this cause for the Court of Appeals, which court, under the statute of its creation, had no choice but to follow the opinion and mandate of this court, and we have no purpose to reopen the argument as to the question of evidence then under consideration. However, the Court of Appeals appears to have entertained the opinion that this court, on the point of this evidence, had, in Richardson v. State, 85 South. 789,[2] overruled our former decision in this case; and, while it is not necessary that we should go into that question, yet, out of deference to the Court of Appeals, we will say that this court has not expressly, or by implication as we understand, overruled its former decision in the present case. The evidence in question in Richardson v. State, a homicide case, evidence of the fact that in an action for divorce between himself and his wife deceased had alleged the wife's unfitness to have custody of their child, and thereupon prayed that its custody be committed to him, however widely the opinion may have digressed in the discussion of authorities, was, in the judgment of the court, admissible, as' tending to shed light on the actions of deceased on the occasion of the homicide. True, the dissenting judges thought the opinion in this case on the former application (Ex parte Payne Lumber Co., supra) was an' authority to the contrary; but we have stated the different purpose for which the evidence in this case was offered, and a majority of the judges thought, and still think, that the results attained in the two cases are not in conflict, and so the court ruled, in effect.

Reversed and remanded, with direction that the cause be disposed of in the Court of Appeals in agreement with this opinion.

All the Justices concur.

---

[2] 204 Ala. 124.